714 So.2d 228 (1998)
Mark FRANCOIS
v.
Cynthia N. REED, A Professional Law Corporation, Cynthia N. Reed, as a principal in the law firm Nunnery, Reed and Associates, Cynthia N. Reed, Individually; Mick Nunnery, as principal in the law firm Nunnery, Reed & Associates; Mike Nunnery, Individually; and the law firm of Nunnery, Reed & Associate[s].
No. 97 CA 1328.
Court of Appeal of Louisiana, First Circuit.
May 15, 1998.
Lawrence N. Curtis, Lafayette, for Plaintiff/Appellant Mark Francois.
Johnny Wellons, Baton Rouge, for Defendants/Appellees Cynthia Reed, etc.
Before LeBLANC, FOIL and GONZALES, JJ.
LeBLANC, Judge.
The plaintiff, Mark Francois, filed a legal malpractice action against the defendant, Cynthia Reed, alleging she abandoned his personal injury lawsuit. The trial court found no attorney-client relationship existed between Mr. Francois and Ms. Reed and granted summary judgment in defendants' favor, dismissing Francois' legal malpractice action. After a thorough review of the record, we find the existence of genuine issues of material fact regarding whether an attorney-client relationship existed between the parties. Accordingly, we reverse the grant of the summary judgment and remand the matter to the district court for further proceedings.

BACKGROUND FACTS
Mr. Francois allegedly sustained personal injury and property damage as a result of an automobile accident which occurred on March 29, 1989. He retained an attorney, who filed a petition for damages on his behalf on March 29, 1990. (Apparently, other than the original petition, no action was taken on Francois' behalf in furtherance of that action.)
Approximately five years later, in February, 1995, Francois contacted the defendant, Cynthia Reed, a personal friend of his, and asked her to find out for him the current status of the lawsuit which had been filed on his behalf by another attorney. Ms. Reed agreed to make the inquiry. On February 6, 1995, she sent a letter to LIGA stating that she was representing Francois and asked LIGA to send the status of Francois' personal injury lawsuit as well as advise her if that action was still pending. By way of letter *229 dated April 27, 1995, LIGA informed Ms. Reed that Francois' personal injury action had been deemed abandoned (based on the absence of any act in furtherance of the lawsuit over a period of five years).
Ms. Reed then contacted Francois and informed him that LIGA considered his claim abandoned. Approximately one year later, the legal malpractice action at issue herein was filed by Francois, naming as defendants Cynthia Reed, individually, her law corporation, the principals in that corporation, as well as the law firm of Nunnery, Reed and Associates, and the principals in that law firm as well. Francois' petition alleges that he retained the defendants to represent him in the prosecution of the personal injury suit which had been filed by other counsel and that defendants had failed to take any action in furtherance of that lawsuit causing it to be deemed abandoned. The defendants responded to the suit with peremptory exceptions raising the objections of no cause of action and nonjoinder of an indispensable party and a motion for summary judgment.
The only issue raised and argued at the hearing on the defendants' exceptions and motion for summary judgment is whether Francois actually retained the defendants to handle his personal injury action or whether, as contended by the defendants, he simply asked a favor of Reed, in her capacity as a personal friend, to make an inquiry in his behalf. Without stating reasons, the trial court granted the motion for summary judgment; implicit in this decision is the finding that no attorney-client relationship was established between the plaintiff and the defendants.

SUMMARY JUDGMENT
On appeal, summary judgments are review de novo. Procedurally, the court's first task on determining a motion for summary judgment is determining whether the moving party's supporting documentspleadings depositions, answers to interrogatories, admissions and affidavitsare sufficient to resolve all material factual issues. La.C.C.P. art. 966(B); Brown v. Adolph, 96-1257, p. 4 (La. App. 1 Cir. 3/27/97); 691 So.2d 1321, 1324.
Prior to 1996 La. Acts, First Extraordinary Session, No. 9, which amended La. C.C.P. art. 966, summary judgments were not favored. However, the amendment added language as follows: "The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969. The procedure is favored and shall be construed to accomplish these ends." (Emphasis added.) The amendment also added language concerning the timing of the hearing and the timing of the rendering of judgment (in paragraph D). Nevertheless, the amendments do not effect a change in the burden of proof, and expressly provide that the burden "shall remain with the mover." McKey v. General Motors Corporation, 96-0755, pp. 3-4 (La.App. 1 Cir. 2/14/97); 691 So.2d 164, 167; see also, Walker v. Kroop, 96-0618, p. 4 (La.App. 4 Cir. 7/24/96); 678 So.2d 580, 583-84.
In 1997, the legislature again amended La. C.C.P. art. 966 C, pertaining to the movant's burden of proof, to provide as follows:
C.(2) The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
La. Acts 1997, No. 483 § 1. See also: Kanz v. Wilson, 96-0882 (La.App. 1 Cir. 11/17/97), 703 So.2d 1331; Morgan v. Earnest Corporation, 97-0869 (La.App. 1 Cir. 11/7/97), 704 So.2d 272; writ denied, 97-3031 (La. 2/20/98); 709 So.2d 775.

ATTORNEY-CLIENT RELATIONSHIP
There are three elements to a legal malpractice claim: (1) the existence of an *230 attorney-client relationship, (2) negligent representation by the attorney, and (3) loss to the client caused by that negligence. Finkelstein v. Collier, 93-999, p. 7 (La.App. 5 Cir. 4/14/94); 636 So.2d 1053, 1058. The existence of an attorney-client relationship turns largely on the client's subjective belief that it exists. Louisiana State Bar Association v. Bosworth, 481 So.2d 567, 571 (La. 1986). The absence of a signed employment agreement, alone, is insufficient to defeat a claim that the relationship exists. See Finkelstein, 93-999 at 7; 636 So.2d at 1058.
Plaintiff's petition alleges that he retained the services of the defendants, as attorneys, to handle the prosecution of a personal injury claim that had been filed previously on his behalf by another attorney. Defendants deny this claim and maintain that the plaintiff simply requested a favor of a personal friend, Cynthia Reed, which request was limited to inquiring about the status of said suit.
In defense of the claim of legal malpractice, Ms. Reed denies that she was retained to prosecute Francois' personal injury suit. Instead, she maintains she only agreed to do a favor for a personal friend and inquire about the status of a previously filed personal injury suit. In support, Ms. Reed notes that she did not enroll as counsel of record, no contract of employment was executed between herself and Francois, and Francois never contacted her after dropping off his legal file to further discuss the case and determine whether she would take the case.
In support of his claim, Francois relies on a copy of a letter written on February 6, 1995, by Cynthia Reed to Charlotte Celestin at LIGA, which was attached to and identified as Exhibit A to his petition. This letter references a claim number, the claimant (Mark Francois) and the date of the automobile accident. The letter states as follows:
This letter is to advise you that I represent the above named claimant in connection with his claim for damages as a result of personal injuries that he sustained due to an accident that occurred on March 29, 1989. (Emphasis ours.)
We at this time request that you send a status of the above referenced matter.
Please advise if the above claim is still pending.
Francois also presented evidence that on or about March 14, 1995, he hand-delivered his legal file (which he had obtained from the previous attorney) to the mailbox at Cynthia Reed's law firm; later that day, he telephoned the law office and instructed Ms. Reed's secretary to retrieve his file from the mailbox and give it to Ms. Reed.
In light of the foregoing, we find, very clearly, the existence of a genuine issue regarding material facts in this matter. Ms. Reed's language in her own letter defies her denial of having been retained to represent Francois. The letter, written on Ms. Reed's professional letterhead reads, "I represent the above named claimant ...," and is signed by Ms. Reed. It does not indicate that the request is being made as a personal favor or even that she is inquiring on behalf of a friend; rather it very clearly indicates, at least to LIGA, her legal representation of the claimant (Francois) and asks that a response be made to her, at her office. Furthermore, the record supports Francois' claim that he subjectively believed that Ms. Reed had agreed to represent him. After his initial conversation with Ms. Reed, he obtained a copy of his legal file from his previous attorney and hand-delivered it to Ms. Reed's office.
We find genuine issues remain regarding the existence of an attorney-client relationship between the parties. This being one of the major elements of a cause of action in legal malpractice, we find the trial court erred in finding, on the showing made, that the defendants were entitled to judgment as a matter of law. We, therefore, reverse the summary judgment and remand this matter to the trial court for further proceedings consistent herewith. Costs of this appeal are assessed to the defendants.
REVERSED AND REMANDED.