930 So.2d 995 (2006)
Irvin FRANCOIS, III and Debra Davis
v.
Gilbert V. ANDRY, IV and the Andry Law Firm, L.L.C.
No. 2005-CA-0388.
Court of Appeal of Louisiana, Fourth Circuit.
April 5, 2006.
Robert G. Harvey, Sr., Robert G. Harvey, Sr., A.P.L.C., New Orleans, Counsel for Plaintiff/Appellant.
Gilbert V. Andry, IV, the Andry Law Firm, L.L.C., New Orleans, Counsel for Defendant/Appellee.
(Court composed of Judge PATRICIA RIVET MURRAY, Judge DENNIS R. BAGNERIS Sr., Judge MICHAEL E. KIRBY).
PATRICIA RIVET MURRAY, Judge.
Plaintiffs, Irvin Francois, III, and Debra Davis, appeal the trial court's judgment ruling that their petition failed to state a cause of action against the defendants, *996 attorney Gilbert Andry, IV, and the Andry Law Firm. For the reasons that follow, we affirm.

FACTS AND PROCEEDINGS BELOW
On May 10, 2004, the plaintiffs filed the instant suit alleging that Mr. Gilbert Andry, IV, had intentionally or negligently interfered with the contract of legal representation between them and their current attorney, Mr. Robert Harvey. At the time they filed this suit, Mr. Harvey was representing plaintiffs in a medical malpractice action alleging the wrongful death of their child. According to the plaintiffs, Mr. Jerome Winsberg, an attorney who had previously represented them in a custody dispute, had mistakenly assumed that he was also representing them in their medical malpractice action and, without their knowledge or permission, had made an agreement with Mr. Andry to take over the malpractice case. As a result, from March to May of 1999, both Mr. Andry and Mr. Harvey initiated complaints with the Louisiana Patients' Compensation Fund ["the PCF"] on plaintiffs' behalf. Having had no communication with Mr. Andry, the plaintiffs apparently did not learn of his actions until the PCF notified the parties of the duplicate claims. After the representation issue was resolved in favor of Mr. Harvey, a medical review panel convened in May, 2001, and ultimately decided that the hospital that was the subject of the plaintiffs' complaint had deviated below the standard of care.
The plaintiffs then filed suit against the hospital in district court in Jefferson Parish. On January 9, 2003, Mr. Andry and Mr. Winsberg jointly intervened in plaintiffs' medical malpractice suit claiming they had an interest in the outcome because they were entitled to payment for legal services they had rendered to the plaintiffs in the case. On May 7, 2003, the plaintiffs settled the medical malpractice case for the statutory maximum of $500,000, from which Mr. Harvey was to receive a contingency fee of $200,000. The intervenors claimed they were entitled to a percentage of that fee. The district court in Jefferson Parish determined that the disputed amount of Mr. Harvey's fee was ten percent, or $20,000, which amount was deposited into the registry of the court prior to the disbursement of the settlement funds on August 4, 2003.[1]
The plaintiffs filed the instant suit on May 10, 2004, in Orleans Parish Civil District Court, alleging that by continuing to represent them against their wishes, Mr. Andry had illegally interfered with the contract between them and Mr. Harvey; plaintiffs further alleged that Mr. Andry's interference had delayed the settlement of their medical malpractice claim and the disbursement of the settlement funds, causing them to lose interest and be deprived of the use and enjoyment of their money. The defendants, Mr. Andry and his law firm, filed exceptions of no cause of action, no right of action, res judicata, and prescription. The trial court heard the exceptions on July 16, 2004. On July 28, 2004, the trial court rendered judgment granting the exception of no cause of action as to the plaintiffs' claim of negligent interference with a contract and granting the exception of prescription as to the plaintiffs' claim of intentional interference with a contract. The trial court denied the remaining exceptions, and dismissed with prejudice both the intentional and the negligent interference claims. However, two days prior to the rendering of the July 28, 2004 judgment, plaintiffs had filed a "First Supplemental and Amending Petition," which set forth additional, more detailed facts and alleged for the first time that Mr. Andry's conduct constituted legal malpractice, *997 and that this malpractice was a continuing tort through July of 2003. The supplemental petition thus remained pending after the trial court dismissed the original petition.
On August 4, 2004, the plaintiffs filed a motion for new trial with regard to the judgment that had dismissed the original petition. The next day, the defendants asserted the same four exceptions to the supplemental petition that they had raised to the original petition: no cause of action, no right of action, res judicata and prescription. After hearing both the motion and the exceptions, the trial court rendered judgment on September 29, 2004, denying plaintiffs' motion for new trial, granting defendants' exception of no cause of action as to the supplemental petition, and giving plaintiffs thirty days to amend their petition to assert a cause of action. The trial court deferred ruling on the remaining exceptions.
Plaintiffs filed a motion for new trial as to the September 29, 2004, judgment. The trial court denied that motion on November 22, 2004, and this appeal followed. According to the plaintiffs' notice of intent to appeal filed December 7, 2004, the plaintiffs now appeal devolutively from the judgment of the district court which "denied the Plaintiff's Motion for New Trial on the basis that privity of contract is a necessary element of a cause of action of legal malpractice and on the basis that Defendant's conduct as set forth in the Plaintiffs' original Petition did not constitute a continuing tort." [sic]

MOTION TO DISMISS APPEAL
Defendants have moved to dismiss the appeal as frivolous. This court has held that an appeal is frivolous if it does not present a substantial legal question, if its only purpose is dilatory, or if appellant's counsel does not seriously believe the view of the law that he advocates. Tillmon v. Thrasher Waterproofing, XXXX-XXXX, p. 8 (La.App. 4 Cir. 3/28/01), 786 So.2d 131, 137. In any case, the determination that an appeal is frivolous is not grounds for dismissal of the appeal, but only for an award of damages, or sanctions, by the appellate court if it deems such are appropriate. See La.Code Civ. Pro. art. 2164 (West 2005). Appeals are always favored, and unless the appeal is unquestionably frivolous, damages are not warranted. Tillmon, XXXX-XXXX, p. 8, 786 So.2d at 137.
Defendants have not shown the existence of any of the above-cited criteria for frivolous appeal. Rather, the assertions made in support of defendants' motion to dismiss are actually defenses to the appeal, and as such are addressed in our discussion of the merits.
Accordingly, we deny the motion to dismiss the appeal and decline to award sanctions.

ISSUES ON APPEAL
Plaintiffs have raised two issues on appeal:
(1) The trial court erred by finding that the plaintiffs failed to state a cause of action for legal malpractice; and
(2) The trial court erred by finding plaintiffs' claim was not a continuing tort and therefore was prescribed.[2]
However, the only judgments subject to appeal, namely, those rendered by the trial court on September 29, 2004, and November 22, 2004, do not address the exception of prescription. On September 29, 2004, the trial court granted defendants' exception of failure to state a cause of action *998 with regard to plaintiffs'"First Supplemental and Amending Petition," and deferred ruling on all other exceptions; on November 22, 2004, the trial court denied plaintiffs' motion for new trial as to this judgment.
Despite plaintiffs' argument concerning the issue of prescription, that issue is not before us. The only time the trial court addressed prescription was when it ruled, in its judgment rendered July 28, 2004, that plaintiffs' claim for intentional interference with a contract, which was asserted in the original petition, was prescribed. The July, 28, 2004 judgment became final when plaintiffs failed to appeal it within sixty days of the court's mailing of notice of its September 29, 2004 denial of the motion for new trial as to that judgment. See La.Code Civ. Pro. Art. 2087 (West 2005). According to the record, that notice was mailed September 29, 2004, and this appeal was filed December 7, 2004. Moreover, the portion of plaintiffs' brief related to prescription is confined to whether Mr. Andry's "acts of negligence" or legal malpractice should be considered a continuing tort so as to defeat prescription; it presents no argument regarding intentional tort. Nevertheless, because the trial court did not reach the issue of whether the plaintiffs' legal malpractice claim was prescribed, we are precluded from addressing that issue.

FAILURE TO STATE A CAUSE OF ACTION
The trial court found that plaintiffs failed to state a cause of action in legal malpractice against Mr. Andry. The granting of an exception of no cause of action is subject to de novo review on appeal, with all factual allegations of the petition presumed to be true and all reasonable inferences made in favor of the plaintiffs. City of New Orleans v. Board of Commissioners of the Orleans Levee District, 93-0690 (La.7/5/94), 640 So.2d 237, 253.
The elements of the tort of legal malpractice are:
(1) the existence of an attorney-client relationship;
(2) negligent representation by the attorney; and
(3) loss to the client caused by that negligence.
Francois v. Reed, 97-1328, p. 4 (La.App. 1 Cir. 5/15/98), 714 So.2d 228, 229-230. The existence of an attorney-client relationship turns largely on the client's subjective belief that it exists. Louisiana State Bar Association v. Bosworth, 481 So.2d 567, 571 (La.1986).
Plaintiffs' supplemental petition clearly indicates that there was never any contact or communication whatsoever between them and Mr. Andry. Nor does that petition allege any facts which would indicate the existence of an attorney-client relationship between plaintiffs and Mr. Andry. Moreover, plaintiffs clearly did not hold a subjective belief that such a relationship existed; in fact, they expressly deny its existence in their supplemental petition, stating in Paragraph 15: "[A]t no time did Petitioners ... ever hire, contract with, or agree to be represented by the Defendant, Gilbert V. Andry, IV." Rather, the supplemental petition alleges that Mr. Winsberg misconstrued his representation of plaintiffs at a custody hearing to extend to representation of them in their medical malpractice action, and then, without any authority from plaintiffs, Mr. Winsberg contracted with Mr. Andry to take over the malpractice action.
Under these facts, we agree with the trial court that plaintiffs failed to state a cause of action in legal malpractice because they have not established the first element, the existence of an attorney-client *999 relationship between them and the defendant, Mr. Andry. Although the trial court did not render written reasons for judgment, plaintiffs contend that the trial court judge at the hearing focused on the lack of "privity of contract" between them and Mr. Andry. On appeal, plaintiffs argue that privity of contract is not necessary for legal malpractice to exist, citing the case of Anderson v. Collins, 26,142 (La.App. 2 Cir. 1/6/95), 648 So.2d 1371. In Anderson, the court held that the presumptive heirs to a succession had stated a cause of action against an attorney who had been hired by the administrator of the succession to represent the succession. Although there was no privity of contract between the heirs and the attorney, the court specifically noted that the administrator had a statutory fiduciary duty to the heirs, who were third-party beneficiaries of the contract between the administrator and the attorney. We do not find the instant situation to be analogous to Anderson v. Collins. The plaintiffs are not third-party beneficiaries to any contract, especially since they also deny that a contract of representation existed between them and Mr. Winsberg. We therefore hold that the trial court was correct in ruling that plaintiffs failed to state a cause of action against defendants herein.

CONCLUSION
Accordingly, for the reasons stated, we affirm the judgment of the trial court.
AFFIRMED.
NOTES
[1] Apparently, the fee dispute is still pending in the Jefferson Parish court.
[2] In the plaintiffs' appellant brief, this issue was raised in defense of the defendants' motion to dismiss the appeal.