NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-330

WILLIE J. ZENO, SR.

VERSUS

CHARLES J. FORET

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2009-5791
HONORABLE KRISTIAN DENNIS EARLES, DISTRICT JUDGE
\*\*\*\*\*\*\*\*\*\*

ELIZABETH A. PICKETT
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Marc T. Amy, and Elizabeth A. Pickett, Judges.

**AFFIRMED.**

Willie J. Zeno, Sr.
In Proper Person
133 Ambroise St.
Lafayette, LA 70501
(337) 261-5893
Counsel for Plaintiff-Appellant:
Willie J. Zeno, Sr.

Patrick J. Briney
Briney & Foret
P. O. Box 51367
Lafayette, LA 70505-1367
(337) 237-4070
Counsel for Defendant-Appellee:
Charles J. Foret

**PICKETT, Judge.**

The plaintiff, Willie J. Zeno, Sr., appeals a judgment of the trial court sustaining the defendant's, Charles J. Foret's, exceptions of no right of action, no cause of action, and of peremption, and dismissing the plaintiff's suit with prejudice at his costs. The defendant answered the plaintiff's appeal seeking damages for frivolous appeal and attorney's fees necessitated by this appeal. We dismiss the suit and appeal for failure to state a cause of action in accordance with La.Code Civ.P. art 927(A)(5). Inasmuch as the appellant is appearing pro se, we deny any damages for frivolous appeal. Additionally, we find no legal basis to award appellee attorney's fees.

## FACTS

This case, which was filed on September 23, 2009, arises out the dismissal, on February 8, 1993, of the plaintiff's prior claim against Flowers Baking Company (Flowers) for workers' compensation benefits in case number 91-3361. In the present case, the plaintiff alleges that the defendant, Charles Foret, who was counsel for Flowers in the workers' compensation action:

> [F]ailed to disclose a fact necessary to correct by the person to have arisen in the matter; and knowingly fail to respond to a lawful demand for information from an admissions to be false and with reckless disregard as to its truth that was a disregard of policies that fell below the appropriate standard of care.

Furthermore, the plaintiff alleges that, "Attorney Foret submitted false testimony and documentation on behalf of Evangeline Maid Bread aka Flowers Baking Company regarding files, [and] records."

1

At the instant trial, no evidence post-dating the original proceedings was introduced by the plaintiff. After hearing the arguments of the parties, the trial court dismissed the plaintiff's current action.

## LAW AND DISCUSSION

The allegations in a petition are to be construed liberally "to afford litigants their day in court, to arrive at truth, and to do substantial justice. La.Code Civ.P. art. 865." *Kuebler v. Martin*, 578 So.2d 113, 114 (La.1991). In *Kuebler*, the court went on to explain:

> When it can reasonably do so, the court should maintain a petition against a peremptory exception so as to afford the litigant an opportunity to present his evidence. The purpose of an exception of no cause of action is to determine the sufficiency in law of the petition and is triable on the face of the papers; for the purpose of determining the issues raised by this exception, the well pleaded facts in the petition and any annexed documents must be accepted as true.

*Id.* (Citations omitted).

Upon examining the plaintiff's petition and his argument in brief, we find that he is attempting to state a cause of action either for fraud or for legal malpractice under La. R.S. 9:5605.

THE PLAINTIFF'S LEGAL MALPRACTICE CLAIM

Louisiana Revised Statutes 9:5605 states as follows:

§ 5605. Actions for legal malpractice

> A. No action for damages against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is

2

discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

B. The provisions of this Section are remedial and apply to all causes of action without regard to the date when the alleged act, omission, or neglect occurred. However, with respect to any alleged act, omission, or neglect occurring prior to September 7, 1990, actions must, in all events, be filed in a court of competent jurisdiction and proper venue on or before September 7, 1993, without regard to the date of discovery of the alleged act, omission, or neglect. The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.

C. Notwithstanding any other law to the contrary, in all actions brought in this state against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional law corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, the prescriptive and peremptive period shall be governed exclusively by this Section.

D. The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts.

E. The peremptive period provided in Subsection A of this Section shall not apply in cases of fraud, as defined in Civil Code Article 1953.

Because of the extended length of time between the conclusion of the plaintiff's original workers' compensation claim and this suit, plaintiff seeks to rely on the exception to the peremptive period provided in Section (E) of the statute.

However, for the following reasons, we find that we do not have to address the plaintiff's claim under La. R.S. 9:5605.

In *Lutz Oil & Gas, L.L.C. v. Pride Energy Co.*, 07-1291, p. 5 (La.App. 4 Cir. 10/15/08), 998 So.2d 128, 131, our colleagues of the fourth circuit stated:

3

The elements of the tort of legal malpractice are: (1) *the existence of an attorney-client relationship*; (2) negligent representation by the attorney; and (3) loss to the client caused by that negligence. *Francois v. Andry*, 05-388, pp. 6-7(La.App. 4 Cir. 4/5/06), 930 So.2d 995, 998 (citing *Francois v. Reed*, 97-1328, p. 4 (La.App. 1 Cir. 5/15/98), 714 So.2d 228, 229-230).

(Emphasis added.)

The plaintiff admits that the defendant, Charles Foret, was counsel for the defendant, Flowers Baking Company, in the plaintiff's 1991 workers' compensation action. Hence, as there existed no attorney-client relationship between Mr. Zeno and Mr. Foret, there exists no cause of action by Mr. Zeno for legal malpractice against Mr. Foret.

THE PLAINTIFF'S FRAUD CLAIM

Louisiana Code of Civil Procedure Article 856 states: "In pleading fraud or mistake, the circumstances constituting fraud or mistake shall be alleged with particularity. Malice, intent, knowledge, and other condition of mind of a person may be alleged generally." The plaintiff makes several general allegations against the defendant, but we find that his petition fails to allege with particularity the circumstances constituting the fraud as required by La.Code Civ.P. art 856.

Furthermore, in *Scheffler v. Adams and Reese, LLP*, 06-1774, pp. 13-15 (La.2/22/07), 950 So.2d 641, 651-52 (footnotes omitted) our supreme court, in addressing the relationship between attorneys and clients, stated:

Louisiana law recognizes that an attorney's paramount duty is, and must be, to his client. *Penalber v. Blount*, 550 So.2d 577, 581 (La.1989). In fact, our law adheres to the principle that in no other agency relationship is a greater duty of trust imposed than in that involving an attorney's duty to his client. *Plaquemines Parish Commission Council*[ *v. Delta Development Company, Inc.*] , 502 So.2d [1034 (La.1987] at 1040. As noted by the court of appeal in *Searcy v. Novo*, 188 So. 490 (La.App. 2d Cir.1939):

4

> The law leaves no uncertainty in defining the character of duty which an attorney owes to his client. The relation of attorney and client is more than a contract. It superinduces a trust status of the highest order and devolves upon the attorney the imperative duty of dealing with the client only on the basis of the strictest fidelity and honor.

*Searcy*, 188 So. at 498. As we have frankly acknowledged: "In no relationship is the maxim that 'no man can serve two masters' more rigidly enforced than in the attorney-client relationship." *Plaquemines Parish Commission Council*, 502 So.2d at 1040.

Indeed, this principle of undivided loyalty is firmly embedded in the Rules of Professional Conduct (RPC), adopted by this court pursuant to its exclusive and plenary power to regulate the practice of law. LSA-La. Const. art. II, §§ 1, 2. *See also, Chittenden v. State Farm Mutual Automobile Insurance Company*, 00-0414, p. 10 (La.5/15/01), 788 So.2d 1140, 1148. Recognizing loyalty as an essential element of the lawyer's relationship to a client, Rule 1.7 of the RPC generally prohibits a lawyer from representing a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests. This duty of loyalty continues even after the termination of the attorney-client relationship. Rule 2.1 of the RPC imposes an affirmative obligation upon a lawyer to exercise independent professional judgment and to render candid advice to his or her client, thereby underscoring the importance of avoiding any divided loyalties that might cloud that independent judgment.

Drawing upon the principle of undivided loyalty embodied in these rules, *this court has adopted the traditional, majority view that an attorney does not owe a legal duty to his client's adversary when acting on his client's behalf. Penalber*, 550 So.2d at 581. The avowed intent of the court in adopting this view was not to reduce an attorney's responsibility for his or her work, but to prevent a chilling effect on the adversarial practice of law and to prevent a division of the loyalty owed to the client. *Id.; Montalvo*, at 4, 637 So.2d at 130.

(Emphasis added.)

Considering the particularity requirement of La.Code Civ.P. art 856, the fact that an attorney does not owe a legal duty to his client's adversary, and the well-settled principle that a non-client cannot hold his adversary's attorney personally liable for either malpractice or negligent breach of a professional obligation, we find

that the plaintiff has failed to state a cause of action in fraud.  *See Montalvo v. Sondes*, 93-2813 (La. 5/23/94), 637 So.2d 127.

Accordingly, for the reasons stated above, the judgment of the trial court dismissing the plaintiff's suit with prejudice and at his costs is affirmed.  All costs of this appeal are assessed against the appellant, Willie J. Zeno, Sr.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3, Uniform Rules, Courts of Appeal.