ROLAND L. BELSOME, Judge.
hOn August 23, 2010, plaintiff /appellant De Rome Seals consulted with the defendant/appellee, attorney Ermence DeBose-Parent, regarding representation for his sister Tamika Starks, who was facing criminal charges of second degree murder. Seals retained the appellee as his sister’s attorney on November 1, 2010; on that date, he provided her with a retainer of $5,000 but did not receive a signed copy of the contract. The appellee subsequently filed motions on behalf of Starks for bond reduction and discovery, and then after being indicted, Starks signed a retainer .agreement with the appellee on December 28, 2010. The retainer agreement stated that as the client, Starks agreed to pay $25,000 for the rendering of professional services and legal representation, less the $5,000 paid as a retainer by Seals. Starks then refused to pay the appellee, and she informed Starks on December 30, 2010 of her intent to withdraw as counsel from the case. However, at Starks’ request, the appellee stayed on to obtain discovery from the District Attorney’s office. After a substantial amount of discovery was received, the |2appellee filed a motion to withdraw on January 28, 2011 and that motion was granted on February 1, 2011.
Seals filed a complaint against appellee with the Louisiana Attorney Disciplinary *73 Board in January 2011 and then sent a letter to the defendant at the end of March demanding a full refund of the $5,000 that had been paid to her as a retainer for the representation of Tamika Starks. The ap-pellee responded by sending Seals a detailed billing statement that reflected a balance owed after subtraction of the initial retainer.
Seals filed suit in Civil District Court in Orleans Parish on April 26, 2011 praying for relief in the amount of over $2 million and alleging the following: legal malpractice, misrepresentation, deceptive business practices, negligent intentional affliction of mental and emotional distress, violation of model rule of professional conduct, extortion attempt, and failure to perform. In response, the appellee filed exceptions of no right of action and no cause of action, arguing the suit should be dismissed on the basis that no attorney-client relationship existed between the parties that would give rise to a legal malpractice action. After a hearing on the exceptions, the trial court issued a judgment granting the exceptions of no right of action and no cause of action, finding that “no attorney-client relationship existed between the parties herein such that plaintiff has no right and/or cause of action for legal malpractice.” This appeal followed.
On appeal, the appellant contends that the trial court erred in dismissing his case. Since the trial court found that Seals had no cause of action for legal |smalpractice, that decision to sustain an exception of no cause of action is subject to de novo review on appeal, with all factual allegations presumed to be true and all reasonable inferences made in favor of the plaintiff. Francois v. Andry, 2005-0388, p. 6 (La.App. 4 Cir 4/5/06); 930 So.2d 995, 998 (citing City of New Orleans v. Board of Commissioners of the Orleans Levee District, 93-0690, p. 28 (La.7/5/94); 640 So.2d 237, 253). Dismissal based on an exception of no cause of action is likely to be granted at the trial court level and justified “when the allegations of the petition itself clearly demonstrate that the plaintiff does not have a cause of action.” City of New Orleans v. Board of Commissioners of the Orleans Levee District, 93-0690, p. 29 (La.7/5/94); 640 So.2d 237, 253.
The sole issue in the instant suit is whether Seals can pursue a claim for legal malpractice as a non-client since he had retained the appellee as the attorney for his sister, not for himself. In order to prevail on a tort claim for legal malpractice, this Court has held that the facts of the case must satisfy three elements: (1) the existence of an attorney-client relationship; (2) negligent representation by the attorney; and (3) loss to the client caused by that negligence. Francois v. Andry, 2005-0388, p. 6-7 (La.App. 4 Cir 4/5/06); 930 So.2d 995, 998 (citing Francois v. Reed, 97-1328, p. 4 (La.App. 1 Cir. 5/15/98); 714 So.2d 228, 229-30). According to the Louisiana Supreme Court, “the existence of the attorney-client relationship turns largely on the client’s subjective belief that it exists,” so the plaintiffs perspective is an additional consideration here. Louisiana State Bar Ass’n v. Bosworth, 481 So.2d 567, 571 (La.1986). In Francois, this Court affirmed the |4trial court’s holding that the plaintiffs failed to state a cause of action for legal malpractice where the attorney defendant worked on plaintiffs’ case without their knowledge. Francois, 930 So.2d at 996, 999. This Court reasoned that an attorney-client relationship did not exist because there was no communication between the plaintiffs and the attorney defendant, no facts indicated any such relationship, and the plaintiffs did not hold such a belief that an attorney-client relationship existed. Id. at 998. Since no attorney-client relationship *74 ever existed, the plaintiffs failed to state a cause of action against the defendant. Id.
This Court’s reasoning in Francois when looking for the existence of an attorney-client relationship is analogous to the present suit due to the nature of the relationship between Seals and the appellee. There was communication between Seals and the appellee, but it is undisputed that Seals was entirely aware that he was retaining the appellee as counsel for his sister with the $5,000 retainer. As a result, there are no facts that indicate any sort of attorney-client relationship between appellant and appellee. Additionally, similar to Francois, there is no evidence that Seals believed that an attorney-client relationship existed between himself and the defendant. See Francois, 2005-0388, p. 6-7 (La.App. 4 Cir 4/5/06); 930 So.2d 995, 998. Indeed, Seals evidences the opposite by the letter he sent to the appellee that demanded the return of his retainer, where he states the letter is “a formal demand for a refund of the $5,000.00 that was paid to [appellee] as are (sic) retainer fee to represent Tamika Starks.” At no time did Seals indicate that he thought he was retaining the appellee with himself as her client. By this | .¡Court’s three-prong test for the elements of the tort of legal malpractice, it is then not necessary to examine whether negligent representation or loss occurred since no attorney-client relationship existed between the appellant and appellee. See id. Therefore, the trial court did not err in dismissing the case on the basis that no attorney-client relationship existed between the parties.
AFFIRMED