385 So.2d 1193 (1980)
LOUISIANA HOTEL-MOTEL ASSOCIATION, INC., Louisiana Restaurant Association, Inc., and Baton Rouge Chapter of the Louisiana Restaurant Association
v.
PARISH OF EAST BATON ROUGE and the City of Baton Rouge through members of the City-Parish Council and W. W. Dumas, Mayor-President.
No. 67070.
Supreme Court of Louisiana.
June 23, 1980.
*1194 Walter G. Monsour, Jr., Parish Atty., Larry S. Bankston, Asst. Parish Atty., William J. Guste, Jr., Atty. Gen., for defendants-appellants.
Edward F. Glusman, Glusman, Moore & Wilkinson, Baton Rouge, for plaintiffs-appellees.
BLANCHE, Justice.[*]
Plaintiffs are the Louisiana Restaurant Association, Inc., the Baton Rouge Hotel-Motel Association and the Baton Rouge Chapter of the Louisiana Restaurant Association.[1]
Plaintiffs herein filed suit seeking (1) a declaratory judgment that a resolution of the City of Baton Rouge and of the Parish *1195 of East Baton Rouge be declared "arbitrary, unreasonable, discriminatory and violative of the Constitution[s] of the United States and the State of Louisiana and the statutes thereof;" and (2) "a preliminary injunction directed to the Defendants restraining, enjoining and prohibiting Defendants, [their] agents, employees, and all other persons, acting or claiming to act in their behalf, from enforcing the provisions of City Resolution # 9542; and Parish Resolution # 15949."
The Resolutions[2] in question stated:
"DECLARING A MORATORIUM ON THE ISSUANCE OF LICENSES TO SELL OR DISPENSE ALCOHOLIC BEVERAGES FOR A PERIOD OF SIX (6) MONTHS SUBJECT TO CERTAIN EXCEPTIONS.
"BE IT RESOLVED by the Parish Council of the Parish of East Baton Rouge and the City Council of the City of Baton Rouge that these Councils declare a moratorium on the issuance of licenses to sell or dispense alcoholic beverages for a period of six (6) months, effective the date of adoption of this resolution, such moratorium being subject to the following exceptions:
"1. Those individuals taking over existing businesses holding licenses to sell or dispense alcoholic beverages as of the date of adoption of this resolution; and
"2. Those individuals with a letter of intent to obtain such a license filed with the Treasurer's Office as of 5:00 o'clock P.M. on the date of adoption of this resolution."
The Parish and the City filed peremptory exceptions claiming (1) plaintiffs had no justiciable interest in prosecuting the action "for the reason that plaintiffs are not individuals, partnerships, or corporations which have applied for a license to sell or dispense alcoholic beverages in the Parish of East Baton Rouge" and (2) that plaintiffs' petition "discloses no cause or right of action against [defendants] for the reason that plaintiffs are not affected by the ordinances which they wish to declare unconstitutional."
The trial court ruled in favor of plaintiffs. In his reasons for judgment the district judge overruled defendants' exception of no right of action saying:
"The Baton Rouge Chapter of the Louisiana Restaurant Association is alleged to be a non-profit corporation. While it could not apply for a liquor permit, on behalf of its membership it is vitally interested in the development of the hospitality industry in this community. Without question, the availability of a liquor permit is of significant interest to its membership. In Louisiana Independent Auto Dealers Association [v. State], 295 So.2d 796 (La.1974), the Supreme Court specifically held that an unincorporated association of non-franchised used automobile dealers and two association members had standing to bring an action to test the constitutionality of provisions of Consumer Credit Act. Numerous other cases have sanctioned the standing of associations and representative groups to question the constitutionality of statutes where a close relationship exists between the association and its members and the issues clearly affect its individual members. N. A. A. C. P. v. Burton [Button], [371 U.S. 415] 83 S.Ct. 328 [9 L.Ed.2d 405] (1963); La. Wholesale Distributors Association v. Rosenweig, 214 La. 1, 36 So.2d 403 (1948). The Court is satisfied that the petitioner has an interest and standing in this court to litigate the suit. Therefore, the exception of no right of action is overruled."
On the merits, the judge held the resolutions to be "unconstitutional as violating the equal protection laws of the United States and Louisiana Constitutions." The court then made the rule absolute and issued a temporary injunction to prevent enforcement *1196 of the resolutions. The suspensive appeal to this Court followed.[3]
On appeal, defendants again argue that plaintiffs are without any justiciable interest and so have no right of action and no cause of action.
Those who assert the "right" must have both the capacity to assert it (must be among those who have an interest to assert the right) and a cause which they are able to assert (must have a remedy afforded by law). In our opinion, plaintiffs here suffer on both counts. It is questionable whether the plaintiffs, all associations, have either the capacity or the interest to bring the action. Plaintiffs make no allegation that they ever applied for a license or intended to apply for one so as to make the showing that any future or present harm was applicable to themselves. Nor has any allegation been made that any of their members have applied for a license and been refused. It would appear that, as their members already possess licenses, they could not be harmed by the resolution. Taxing our own imagination, it may be that plaintiffs could have alleged and shown that some businesses or persons sought membership in their organizations or would have applied except for the moratorium, but again, no such allegations were made.
We are of the opinion that, in all respects, plaintiffs have failed to show that there exists, either on their part or the part of their members, any real or actual interest to attack the ordinances or that the enforcement of the ordinances would result in an injury to themselves or any of their members.
Plaintiffs are all associations; one is incorporated and the other two have an unknown status. Whether incorporated or unincorporated, the right that any association has to assert a cause of action before a court in this state is limited to the assertion of a right which belongs to that association. C.C.P. arts. 681, 689, 690.[4]
We note that C.C.P. art. 681 is analogous to, and partly derived from, rule 17(a) of Federal Rules of Civil Procedure[5] which establishes the requirement that one who asserts a cause must have standing to do so. Thus, Federal jurisprudence is of assistance to us in determining what constitutes an actual interest assertable before our courts.
An analysis dealing with the requirement that a plaintiff show that it has an interest in the suit, because of some actually existing or probable future harm to itself, is that made by the U.S. Supreme Court in Hunt v. Washington State Apple Advertising Commission, 432 U.S. 333, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977). In Hunt, the court indicated three criteria (which it found to be present) which would have to *1197 be present in any suit that an association would bring in behalf of its members. Those criteria are:
"(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." Hunt, supra, 97 S.Ct. at 2441.
In Hunt, the court noted that the Association was a state-created one charged by statute with the "duty of promoting and protecting the state's apple industry", that the Association had shown clear, direct, economic injury to the members thereof, and that no individualized proof would be necessary in order to have the courts grant the relief sought. In the case now before us, the plaintiffs have not shown that the members of their organizations could bring a suit; they have not shown any harm (present or probable for the future) which would occur to the members. There has additionally been no showing of the purposes for which these organizations were formed. Nothing in the record before us would indicate that the claims being made would relate to a purpose for which any of the organizations exist. Plaintiffs have also made no showing or claim that the relief being sought does not require the participation of the individual members.
Plaintiffs have argued that the Louisiana jurisprudence, particularly Louisiana Independent Auto Dealers Association v. State, 295 So.2d 796 (La.1974) and Louisiana Wholesale Distributors Association v. Rosenweig, 214 La. 1, 36 So.2d 403 (1948) [see also 212 La. 1015, 34 So.2d 58 (1947)] support their claim. We note that the case involving the Auto Dealers not only included individual dealers among the plaintiffs, but also demonstrated actual, substantial economic injury to the dealers. In the Wholesale Distributors case, there was no issue made of the right of the Association to bring suit, so there was no ruling by the court on this point. Additionally, the first time it was before this Court, there was an allegation by plaintiff that it had, itself, suffered damage. The posture and the claims of the reported Louisiana jurisprudence are not apposite to the case presently at bar. In this case, plaintiffs are in a position more analogous to that of the plaintiff in Tileston v. Ullman, 318 U.S. 44, 63 S.Ct. 493, 87 L.Ed. 603 (1943), who failed to show that he had suffered or would suffer any harm from the application of the state statute of which he complained.
In conclusion we find that plaintiffs have shown neither standing to prosecute nor an injury which might have been redressed, and the peremptory exception should have been sustained. C.C.P. art. 934 directs that on the sustaining of a peremptory exception, plaintiff be given another opportunity to state a right and/or cause of action. Accordingly, we remand the case to the district court and grant plaintiffs 15 days from the effective date of this decision to amend their petition. Upon failure to comply with the Court's order in the above stated time, plaintiffs' suit will be dismissed.
REVERSED AND REMANDED WITH ORDER.
DIXON, C. J., specially concurs.
MARCUS, Justice (dissenting).
La.Const. art. 5, § 5(D) provides that a case shall be appealable to this court if "a law or ordinance has been declared unconstitutional." Here, the trial judge held a resolution of the City of Baton Rouge and of the Parish of East Baton Rouge unconstitutional. Hence, we do not have appellate jurisdiction in this case. Accordingly, I respectfully dissent.
NOTES
[*] Chief Judge Frederick S. Ellis participated in this decision as Associate Justice Ad Hoc.
[1] The Louisiana Hotel-Motel Association, Inc. was originally a plaintiff but withdrew prior to any decision in the district court.
[2] Note that the resolutions are identical; the different numbers are the result of the form of government applicable within East Baton Rouge Parish.
[3] The appeal is one directly to the Supreme Court under the provisions of La.Const. (1974) art. 5, § 5(D).
[4] "Art. 681. Real and actual interest required. Except as otherwise provided by law, an action can be brought only by a person having a real and actual interest which he asserts."

"Art. 689. Unincorporated association. An unincorporated association has the procedural capacity to sue to enforce its rights in its own name, and appears through and is represented by its president or other authorized officer."
"Art. 690. Domestic corporation or insurer. Except as otherwise provided in Articles 692 and 693, a domestic corporation, and a domestic insurer, has the procedural capacity to sue to enforce its rights in the corporate name."
[5] Rule 17.

"(a) Real Party in Interest. Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought; and when a statute of the United States so provides, an action for the use or benefit of another shall be brought in the name of the United States. No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest."