ROLAND L. BELSOME, Judge.
laThis appeal raises the question of whether private associations have standing to prevent alleged violations of New Orleans city zoning ordinances. Because the organizations in this case have failed to demonstrate a real and actual interest in the suit, we affirm the trial court’s grant of the exception of no right of action.
FACTS AND PROCEDURAL HISTORY
Appellants in this case, Vieux Carre Property Owners, Residents, and Associates, Inc., and French Quarter Citizens for the Preservation of Residential Quality, Inc., filed a petition for declaratory judgment and preliminary and permanent injunction on September 13, 2006 against Appellees, Hotel Royal, L.L.C., 1004-1006 Royal, L.L.C., 625 St. Philip, L.L.C., and The Melrose Group, L.L.C., alleging that Appellees violated various zoning ordinances. These violations, Appellants argued, threatened the character and charm of the French Quarter.
On January 4, 2007, Appellees filed Exceptions of Lack of Procedural Capacity, No Right of Action, and Prescription, asserting that Appellants lacked standing to file and prosecute their claims against Ap-pellees and that such claims were also prescribed. Appellees further argued that Appellants, as private, non-governmental, and non-profit corporations, were improperly assuming the role of a |4government agency in seeking to enjoin Appellees from allegedly violating zoning ordinances of the City of New Orleans. Appellees further argued that Appellants had no right of action because they failed to allege special or actual damages to themselves, as opposed to society in general.
After a hearing on January 16, 2009, the trial court sustained Appellees’ Exception of No Right of Action.[1] This appeal followed.
STANDARD OF REVIEW
“Peremptory exceptions raising the objection of no right of action are reviewed de novo on appeal as they involve questions of law.” Fortier v. Hughes, 2009-0180, p. 2 (La.App. 4 Cir. 6/17/09), 15 So.3d 1185, 1186.
DISCUSSION[2]
Louisiana has adopted the U.S. Supreme Court’s three-part test articulated in Hunt v. Washington State Apple Advertising Commission, 432 U.S. 333, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977), to determine whether an association has standing to *3 bring suit on behalf of its members. The Hunt test is comprised of the following three elements: 1) whether the members would otherwise be able to bring suit in their own right; 2) whether the interests the association wishes to protect are pertinent to its purpose; and 3) neither the claim asserted by the association nor the relief sought requires the participation of individual members. Louisiana Hotel Motel Association v. Parish of East Baton Rouge, 385 So.2d 1193, 1196 (La.1980)(citing Hunt, 432 U.S. 333, 97 S.Ct. 2434 (emphasis added)). In applying Hunt, the Louisiana Supreme Court has held that to meet the first prong of the Hunt test, the association must first establish harm that is not only “present or probable for the future,” but also establish harm that would occur to the members themselves.[3] Louisiana Hotel-Motel, 385 So.2d at 1197.
In this case, Appellants’ petition alleges violations of the Comprehensive Zoning Ordinances of the City of New Orleans with regard to improper expansion and conversion of buildings. Specifically, Appellants urge the following as damages for these alleged violations:
Failure to enjoin [Appellees’] expansion threatens the architectural, historical, cultural and aesthetic integrity, and values of the Vieux Carre. De facto approval of [Appellees’] illegal expansion adversely affects the tout ensemble of the Vieux Carre and opens the entire Vieux Carre to significant alteration to the character and massing of its existing historic buildings. If not abated, the deterioration of the quaint and distinc-five character of the Vieux Carre will be permanently and adversely affected.
The expansion of [Appellees’ property], via the conversion of the adjacent apartment building to additional rooms and adding Bar 625 and Diner 625 as [ ] amenities, disrupts the scale and low density of the surrounding buildings and the residential character and environment. Furthermore, [Appellees’] illegal expansion has significantly harmed the historic community and will create additional traffic resulting in congestion, noise, and other activities destructive to the French Quarter.
We find that Appellants failed to meet ■ the first prong of the Hunt test because a concrete injury to the members of the Association has not been | r,established in this particular case; rather, Appellants have alleged injury to the Vieux Carre/ French Quarter neighborhood as a whole. The damages alleged allude to the general deterioration of the “quaint and distinctive character” of the Vieux Carré rather than asserting an actual injury to its members. Whether the character or charm of a neighborhood has deteriorated is purely subjective; as such, it is not susceptible of measurement. Moreover, other alleged damages, such as the possibility of the creation of additional traffic, congestion, and noise as a result of Appellees’ alleged zoning violations, are hypothetical in this case, and Appellants have failed to show that such other alleged damages are “present or probable for the future.” See Louisiana Hotel-Motel, 385 So.2d at 1197. Accordingly, Appellants have not shown that there exists, either on their part or the part of their members, any real or actual *4 interest in enjoining alleged violations. Id. Appellants’ allegations are therefore insufficient to establish standing, as Hunt and Louisiana law both mandate a showing of harm, present or probable for the future, to the members themselves. Hunt, 432 U.S. 383, 97 S.Ct. at 2441; Louisiana Hotel-Motel, 385 So.2d at 1197.
The Louisiana Supreme Court recognized that in Hunt, “the association which brought the action ... had shown dear, direct economic injury to the members thereof.” Louisiana Associated General Contractors, Inc. v. State of Louisiana, 95-2105 (La.3/8/96), 669 So.2d 1185, 1191, n. 4 (emphasis added). The Louisiana Supreme Court also applied Hunt’s three-part test in Ramsey River Road Property Owners Association v. Reeves, noting that “[i]t is axiomatic” that the plaintiff property owners’ association “have a ‘real and actual interest’ in the action he asserts before the courts will entertain his suit.” Ramsey River Road Property Owners Association v. Reeves, 396 So.2d 873, 874 (La.1981).
|7In contrast, as was the case in Louisiana Hotel-Motel, Appellants “have not shown that the members of their organizations could bring a suit; they have not shown any harm (present or probable for the future) which would occur to the members.” Louisiana Hotel-Motel, 385 So.2d at 1197.[4] Considering the incorporeal injuries alleged in this case, we find that Appellants have failed to establish any clear, direct economic injury which would occur to the members themselves. See Louisiana Associated General Contractors, 669 So.2d at 1191. Therefore, we find that Appellants “have shown neither standing to prosecute nor an injury which might have been redressed.”[5] Louisiana Hotel-Motel, 385 So.2d 1193, 1197.
*5 |sIt is unnecessary to address the second [6] or third prong of the Hunt test, as a finding that one of the prongs of the test is not met is dispositive. We note, however, that with respect to the third prong, Appellants argue that because the suit is non-pecuniary in nature, it is unnecessary for any one member to participate in the lawsuit. While Appellants are correct in that the suit seeks injunctive and declaratory relief, Appellants have nevertheless failed to demonstrate any harm, present or probable, which would occur to the members. See Louisiana Hotel-Motel Association, 385 So.2d at 1197.
For the foregoing reasons, the trial court’s judgement is hereby affirmed.
AFFIRMED.
JLjBAGNERIS, J., dissents with reasons.

. At the hearing, the trial court questioned counsel for Appellants whether the alleged violations should have instead been brought before Vieux Carre Commission:
Mr. Smith:
Well, there was [sic] proceedings in the Vieux Carre Commission and those proceedings- — -those administrative proceedings are what they are. We have a right to enjoin—
The Court:
In other words, it didn’t go the way you wanted it to go.
Mr. Smith:
No, no, that’s not — I wasn’t really involved in that aspect of the case.
Mr. Rosenberg:
I was, your Honor, and that’s correct.

. Appellants do not list assignments of error for review.

. The Louisiana Supreme Court has also acknowledged that "[w]hether incorporated or unincorporated, the right that any association has to assert a cause of action before a court in this state is limited to the assertion of a right which belongs to that association.” Louisiana Hotel-Motel, 385 So.2d at 1196; see also La. C.C.P. art. 861 (“Except as otherwise provided by law, an action can be brought only by a person having a real and actual interest which he asserts.”).

. The Louisiana Supreme Court has also recognized the "concrete, and not merely hypothetical, 'injury in fact’ or invasion of its legally protected interests” requirement for an association to establish standing. Louisiana Associated General Contractors, Inc. v. State of Louisiana, 95-2105 (La.3/8/96), 669 So.2d 1185, 1192 (citing Northeastern Florida Chapter of Associated General Contractors of America v. City of Jacksonville, Florida, 508 U.S. 656, 113 S.Ct. 2297, 124 L.Ed.2d 586 (1983)).

. The cases relied upon by Appellants are easily distinguished from the fact pattern of the instant case. In Redfearn v. Creppel, when addressing the issue of standing, this Court cited to testimony from two plaintiff homeowners, who both attested to specific harms resulting from the hotel’s operations, which included blocked driveways, parking congestion, and an increase in litter and dangerous traffic. Redfearn v. Creppel, 436 So.2d 1210, 1213, aff'd in part, rev’d in part on other grounds, 455 So.2d 1356 (La.1984). Thus, the necessary showing of harm, present or probable for the future, was met. See id. Even in that case, this Court recognized that an individual's right to seek injunctive relief must be established by “a showing that he would be materially and adversely affected in the enjoyment of his home as a result of his neighbor’s violation of the zoning ordinances.” Id. (emphasis added).
Likewise, Guillot v. Brooks also involved individual private landowners. The landowners sought to enjoin a neighboring landowner from using his property as a landing strip. Guillot v. Brooks, 26,544 (La.App. 2 Cir. 3/1/95), 651 So.2d 345, The Second Circuit found that plaintiffs demonstrated that they were specially damaged because the zoning violations had diminished the plaintiffs’ property values. Guillot, 651 So.2d at 349.
Additionally, Vieux Carre Property Owners, Residents and Associates, Inc. v. Decatur Hotel Corporation is inapplicable to the facts of the instant case. In Decatur Hotel, when addressing Defendants’ argument that an association did not have a right to enforce an action for a zoning violation, this Court stated that the issue of whether an organization has standing to assert a claim on behalf of its members had been answered in the affirmative by the Louisiana Supreme Court. Decatur Hotel, 99-0731, p. 5 (La.App. 4 Cir. 11/10/09), 746 So.2d 806, 809 (citing Ramsey, supra). This Court also acknowledged the well-settled law *5 that private landowners may enjoin neighboring landowners from violating city ordinances. Id. (citing Redfearn v. Creppel, 436 So.2d at 1213). Notably, this Court ultimately found that the Association nevertheless failed to state a cause of action in their petition, affirming Defendants’ exception of no cause of action; thus, this Court did not apply the Supreme Court’s three-part Hunt test to determine whether the Association met the three requirements for standing. See id.

. The second prong of the Hunt test, whether the interests Appellants seek to protect are relevant to the organizations' purpose, has arguably been established, as the VCPORA's mission statement references "preserving] the Vieux Carre as a national treasure, to maintain its quaint and distinctive character, and to achieve in that historic, living neighborhood, a quality of life which can be enjoyed by its residents, fellow citizens, businesses, and visitors.’’ Similarly, the FQCPRQ’s mission is “to preserve the residential quality in the French Quarter, as well as the historical character and architecture in the Vieux Carre.” However, the Hunt test is plainly articulated in conjunctive terms; thus, satisfaction of only one of the elements is insufficient to establish standing.