MICHAEL E. KIRBY, Judge.
 

 . , , „ |tPlaintiffs Vieux Carre Property Own- „ ., , , . . , T ers, Residents, and Associates, Inc. (“VCPORA”) and French Quarter Citizens for the Preservation of Residential Quality, Inc. (“FQC”), appeal the district court’s February 10, 2010 judgment insofar as it granted the exception of no right of action asserted by defendant, Nicholas S. Karno, II, Inc., d/b/a Old Opera House (“Old Op
 
 *1242
 
 era House”), dismissing with prejudice these plaintiffs’ claims against Old Opera House. For the reasons that follow, the trial court judgment is affirmed, in part, and reversed, in part, and the case is remanded to allow plaintiffs to amend their petition.
 

 The two plaintiffs that are appellants herein, as well as Peterson M. Yokum and Polly E. Anderson, filed a petition for damages and injunctive relief against Old Opera House and numerous co-defendants, for injuries allegedly sustained as a result of loud noises emanating the premises of Old Opera House located at 601 Bourbon Street.
 
 [1]
 

 |2In the petition, the plaintiffs allege that Mr. Yokum and Ms. Anderson reside at 723 Toulouse Street, New Orleans, which is located in the French Quarter in an area zoned VCC-2, or “Vieux Carre Commercial District-2 Mixed residential.” They allege that Old Opera House has violated La. R.S. 26:90 A(14)(a) and La. R.S. 26:286 A(14)(a), which make it unlawful for a person holding a retail dealer permit under the alcoholic beverage control law to play unreasonably loud music. The plaintiffs further allege that Old Opera House has violated the municipal noise ordinances for the City of New Orleans, specifically City Code Section 66-202, governing the maximum permissible sound levels, and City Code Section 66-208(5), governing the specific nuisance noises that are prohibited.
 

 In response, Old Opera House filed a peremptory exception of no right of action, arguing that plaintiffs VCPORA and FQC, as private, non-governmental, non-profit corporations, lack standing to seek injunc-tive relief because they have no real and actual interest in the action.
 
 [2]
 
 Following a hearing, the trial court granted the exception of no right of action, dismissing with prejudice the claims of VCPORA and FQC.
 

 The sole issue on appeal is whether the trial court erred by finding that the VCPORA and FQC have no right of action against Old Opera House.
 

 “Whether a plaintiff has a right of action is a question of law subject to
 
 de novo
 
 review.”
 
 Lutz Oil & Gas, L.L.C. v. Pride Energy Company,
 
 2007-1291, p. 3 (La.App. 4 Cir. 10/15/ 08), 998 So.2d 128, 130 (citing
 
 Oakville Community Action Group v. Plaquemines Parish Council,
 
 2005-1501, p. 3 (La.App. 4 Cir. 9/27/06), 942 So.2d 1152, 1155). The function of the exception of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the petition.
 
 Id.
 
 at pp. 3-4, 998 So.2d at 130 (citing
 
 Badeaux v. Southwest Computer Bureau, Inc.,
 
 2005-612, 2005-719, p. 6 (La.3/17/06), 929 So.2d 1211, 1217).
 

 It is well-settled that in Louisiana a plaintiff must have a real and actual inter-
 
 *1243
 
 est in the action he asserts. La. C.C.P. art. 681. Without a showing of a special interest that is separate and distinct from the interest of the general public, a plaintiff may not proceed.
 
 League of Women Voters of New Orleans v. City of New
 
 Orleans, 881 So.2d 441, 447 (La.1980).
 

 Whether an association has standing to bring suit on behalf of its members involves a three-part test articulated by the United States Supreme Court in
 
 Hunt v. Washington State Apple Advertising Commission,
 
 482 U.S. 333, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977). In
 
 Hunt,
 
 the Supreme Court held that an association will have standing to bring a suit solely on behalf of its members and in the absence of injury to itself when: “(a) its members would otherwise have standing sue in their own right; (b) the interests it seeks to protect are germane to the organization’s purpose; and (c) neither the claim asserted nor the relief sought requires the participation of individual members in the lawsuit.”
 
 Hunt, supra,
 
 432 U.S. at 343, 97 S.Ct. at 2441.
 

 |4The Louisiana Supreme Court, adopting the
 
 Hunt
 
 criteria in
 
 Louisiana Hotel-Motel Association v. Parish of East Baton Rouge,
 
 385 So.2d 1193, 1196-97 (La.1980), held that to satisfy the first
 
 Hunt
 
 criterion, the association must establish present or probable future harm to the members.
 
 Id.,
 
 385 So.2d at 1197;
 
 see also Louisiana Associated General Contractors, Inc. v. State of Louisiana, through Div. of Admin., Office of State Purchasing,
 
 95-2105 (La.3/8/96), 669 So.2d 1185, 1191.
 

 This Court recently held that VCPORA and FQC lacked standing to enjoin alleged violations of city zoning ordinances in
 
 Vieux Carre Property Owners, Residents and Associates, Inc. v. Hotel Royal, L.L.C.,
 
 2009-0641 (La.App. 4 Cir. 2/3/11), 55 So.3d 1,
 
 rehearing granted,
 
 (La.App. 4 Cir. 1/5/11);
 
 writ denied
 
 2011-0258 (La.4/29/11), 62 So.3d 112.
 

 In
 
 Vieux Carre Property Owners,
 
 VCPORA and FQC filed suit to enjoin the owners of Hotel Royal from expanding and converting their small guest house into a sprawling hotel with a bar and diner, via the annexation and renovation of an adjacent apartment building. The petitioners claimed that the renovation violated Section 8.10.2 of the Comprehensive Zoning Ordinances of the City of New Orleans, which permitted an existing hotel in the Vieux Carre to be structurally altered or extended -within its existing boundaries provided there was no increase in the number of sleeping rooms or change in use. They alleged that allowing the property’s expansion threatened “the architectural, historical, cultural and aesthetic integrity, and values of the Vieux Carre” and would “create additional traffic 1 ¡^resulting in congestion, noise, and other activities destructive to the French Quarter.” The trial court granted an exception of no right of action asserted by the property owners, dismissing VCPORA and FQC’s claims.
 

 In affirming the trial court, this Court determined that VCPORA and FQC did not satisfy the first
 
 Hunt
 
 criterion because they failed to establish harm that was “ ‘present or probable for the future’ ” for its members and failed to demonstrate ‘“clear, direct economic injury to [its] members.’ ”
 
 Vieux Carre Property Owners, supra,
 
 2009-0641, p. 2, 55 So.3d at 7 (citations omitted). The Court further acknowledged that “[a]s the
 
 Hunt
 
 test is phrased in conjunctive terms, the failure to satisfy any part of the inquiry is disposi-tive, and further examination is unnecessary.”
 
 Id.
 

 Here, VCPORA and FQC fail to allege in their petition the identity of a single member of either association that is within listening distance of Old Opera House that has suffered actual damage either to his(her) person or to his(her) property as a
 
 *1244
 
 result of Old Opera House’s alleged illegal conduct. Although the petitioners allege that Mr. Yokum and Ms. Anderson live in close proximity to the Old Opera House, they do not allege that either of them is a member of either association. Moreover, the VCPORA and FQC also fail to allege or demonstrate that either association has, itself, sustained actual damage as a result of Old Opera House’s activities. Thus, we find VCPORA and FQC have not satisfied the first part of the
 
 Hunt
 
 analysis.
 

 |fiThe second inquiry of the analysis, whether the interests VCPORA and FQC seek to protect are germane to the organizations’ purposes, is arguably met. The petition alleges that VCPORA’s mission is to “preserve the Vieux Carre as a national treasure, to maintain its quaint and distinctive character, and to achieve in that historic, living neighborhood, a quality of life which can be enjoyed by its residents, fellow citizens, businesses, and visitors.’ ” Likewise it alleges that FQC’s mission is “to preserve the residential quality in the French Quarter, as well as the historical character and architecture in the Vieux Carre.’ ” However, satisfaction of only one of the criteria to the three-part analysis is insufficient to establish standing.
 
 See Vieux Carre Property Owners, supra,
 
 2009-0641, p. 11, 55 So.3d at 11.
 

 As to the third inquiry, whether the claim asserted or the relief sought by the association requires the participation of the individual members, we acknowledge that the injunctive relief sought in this case may not necessarily require the participation of the individual members.
 
 See Louisiana Associated General Contractors, Inc., supra,
 
 95-2105, at p. 7, 669 So.2d at 1191 (noting that “because the suit merely seeks injunctive and declaratory relief, as opposed to monetary damages on behalf of individual contractors, neither the claim asserted nor the relief requested require the participation of individual members in the lawsuit”). Nonetheless, even if VCPORA and FQC satisfy the third criterion, they fail to establish standing because the first criterion has not been met.
 

 17La. C.C. P. art. 934 provides that when the grounds of objection pleaded by a peremptory exception, such as no right of action, may be removed by amendment of the petition, the judgment sustaining the exception “shall order such amendment within the delay allowed by the court.” Therefore, the case shall be remanded to allow the VCPORA and FQC to amend the petition, if they can, to allege facts necessary to satisfy the first criterion of the
 
 Hunt
 
 test.
 

 Accordingly, for the reasons stated above, the February 10, 2010 judgment is affirmed, in part, to maintain the granting of the exception of no right of action, and reversed, in part, insofar as it dismissed VCPORA’s and FQC’s claims with prejudice. Further, the case is remanded for the trial court to allow VCPORA and FQC to amend the petition, if they can, within a delay set by the court.
 

 AFFIRMED IN PART; REVERSED IN PART; AND REMANDED
 

 [1]
 

 . Plaintiffs also named Funky 544, L.L.C., d/b/a Funky 544 Rhythm and Blues Café; Anna T. Medo, the owner and lessor of the premises located at 544 Bourbon Street, where Funky 544 is located; Jude Marullo, the manager of the Funky 544; and XYZ Insurance Company, the insurer for Funky 544, as defendants. The February 10, 2010 judgment dismissed the plaintiffs’ claims against Funky 544, Anna Medo and Jude Ma-rullo on an exception of improper cumulation of actions. The dismissal of the plaintiffs’ claims against these defendants is not at issue in this appeal.
 

 [2]
 

 . Old Opera House also raised exceptions of • improper cumulation of actions, no cause of action, and vagueness. The February 10, 2010 judgment denied as moot the exception of no cause of action and dismissed as moot the exception of vagueness. The judgment granted the exception of improper cumulation of actions raised by defendants Funky 544, Anna Medo and Jude Marullo.
 
 See
 
 n. 1,
 
 supra.