JAMES F. McKAY III, Judge.
 

 |, The plaintiffs, Janice Jenkins, Robert Jenkins, Michael Kiper, James Chapel Baptist Church, Inc., Claude Spruel, Curtis W. Mimms and David Johnson, appeal the trial court’s granting of exceptions of no right of action and no cause of action in favor of the defendants, Wallace C. Dren-nan, Inc. and The Gray Insurance Company on an oblique action. Drennan and Gray answered the appeal and assert that the trial court should have also granted their exceptions of res judicata, preclusion, prescription and peremption. We affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 The Sewerage and Water Board (S & WB) contracted with Drennan to dig a three-foot deep trench, install new duct banks, and re-pour asphalt over a ditch. The plaintiffs’ homes and or businesses were damaged during this construction project. The plaintiffs previously brought suit against the S & WB and Drennan.
 
 [1]
 
 Following both a bench trial and a jury trial, the district court rendered a verdict in favor of the plaintiffs and against both Drennan and the S & WB and assessed each Lwith fifty percent (50%) fault. Based on a motion for a new trial, the district court issued an amended judgment which stated:
 

 IT IS FURTHER ORDERED, ADJUDGED AND DECREED that because of “inverse condemnation,” defendant Sewerage & Water Board of New Orleans is responsible to plaintiffs for the entire 100% of their loss, but this liability of Sewerage & Water Board of New Orleans should be reduced by 50% after payment to plaintiffs by Wallace C. Drennan, Inc., for their negligence responsibility under the Jury’s Verdict; in default of payment by Wallace C. Dren-nan, Inc. for any reason, the Sewerage
 
 *709
 
 <& Water Board of new Orleans shall be fully responsible as above stated.
 

 This judgment is now a final judgment. Drennan and The Gray Insurance Company have paid that portion of the judgment that applies to Drennan.
 

 The plaintiffs then filed an oblique action against Drennan and Gray, arguing Drennan and Gray should pay the S & WB’s portion of the earlier judgment because the S & WB is insolvent. The trial court granted exceptions of no right of action and no cause of action and dismissed the plaintiffs’ lawsuit. It is from this judgment that plaintiffs now appeal. The defendants have also answered the appeal.
 

 DISCUSSION
 

 On appeal, the plaintiffs raise the following assignments of error: 1) the trial court erred in granting defendants’ exceptions of no cause of action and no right of action, and it further erred in denying plaintiffs’ motion for new trial as to those exceptions; 2) the trial court erred in holding that, in order to proceed against Gray Insurance as the insurer of the Sewerage & Water Board, plaintiffs must, under the direct action statute, prove that the S & WB is insolvent; 3) the trial court erred in holding that in order to proceed against Dren-nan under the oblique action, plaintiffs must first allege and prove that the S & WB is in fact insolvent. Where lathe S & WB is incapable of paying the judgment at any time in the foreseeable future and where plaintiffs are statutorily barred from enforcing their judgments against the S & WB, the S & WB is essentially insolvent such that plaintiffs should be allowed to proceed against Drennan under the oblique action without proving complete insolvency of the S & WB; and 4) the trial court erred in not allowing plaintiffs to amend their petition so as to state on information and belief that the S & WB is actually insolvent. Although, as set forth in item 3 above, proof of actual insolvency should have been allowed to amend to so aver and then take discovery as to the actual insolvency of the S & WB. In their answer to the appeal, the defendants contend that the trial court erred in not granting their exceptions of res judicata, preclusion, prescription and peremption.
 

 The function of an exception of no right of action is a determination of whether plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the petition.
 
 Badeaux v. Southwest Computer Bureau, Inc.,
 
 2005-0612 (La.3/17/06), 929 So.2d 1211;
 
 See also
 
 La. C.C.P. art. 927. The exception of no cause of action determines whether, based on the facts alleged in the four corners of the petition, the law affords the plaintiff a remedy. The court accepts the allegations of the petition as true, and decides whether the plaintiff is legally entitled to the relief claimed in the petition.
 
 See Everything on Wheels Subaru, Inc. v. Subaru South, Inc.,
 
 616 So.2d 1234, 1235 (La.1993). In the instant case, there is no judgment ruling that the S & WB has a valid contractual claim for defense and indemnity against Drennan or Gray. These claims have never been judicially determined. Accordingly, plaintiffs cannot step into the S & WB’s shoes and enforce an alleged debt.
 

 14As stated above, the plaintiffs have filed an oblique action, in which they attempt to step into the shoes of the S & WB, and bring claims on behalf of the S & WB against Drennan and Gray. However, Louisiana Civil Code Article 2044 allows an oblique action only when there is “insolvency” caused or increased by the debtor’s failure to exercise a right. There has been no showing made that the S
 
 &
 
 WB is insolvent or that it has failed to exercise a right against Drennan or Gray. According
 
 *710
 
 ly, the plaintiffs’ oblique action fails. The plaintiffs’ claims under the direct action statute also fail because the plaintiffs already filed a direct action against Gray in their earlier lawsuit.
 

 With regards to the defendants’ arguments concerning res judicata, preclusion, prescription and peremption, we need not address these issues because they were not ruled on by the trial court and our consideration of them would not change the outcome of this case.
 

 CONCLUSION
 

 For the foregoing reasons, the judgment of the court below is affirmed.
 

 AFFIRMED
 

 [1]
 

 . 2001-5872, 2001-7644 and 2001-11236