LOVE J.,
concurs and assigns reasons.
_jjl respectfully concur with the majority. However, I write separately to emphasize the minimal standards required to surpass an exception of no cause of action. “The exception of no cause of action determines whether, based on the facts alleged in the four corners of the petition, the law affords the plaintiff a remedy.” Jenkins v. Gray Ins. Co., 11-0035, p. 3 (La.App. 4 Cir. 7/06/11), 67 So.3d 707, 709. The pertinent question is whether, in the light most favorable to plaintiff and with every doubt resolved in plaintiffs behalf, the petition states any valid cause of action for relief. State, Div. of Admin., Office of Facility Planning and Control v. Infinity Sur. Agency, L.L.C., 10-2264, p. 9 (La.5/10/11), 63 So.3d 940, 946. “The mover has the burden of demonstrating the petition states no cause of action.” Id. “Appellate courts review a trial court’s decision sustaining peremptory exceptions of no cause of action ... using a de novo standard.” Mendonca v. Tidewater, Inc., 11-0318, p. 3 (La.App. 4 Cir. 9/07/11), 73 So.3d 407, 410.
“[Ljegal responsibility in tort claims is determined under a duty-risk analysis, which requires the plaintiff to prove four distinct elements: (1) duty, (2) breach, (3) cause in fact and (4) actual damages.” Becnel v. Grodner, 07-1041, p. 3 (La.App. 4 Cir. 4/2/08), 982 So.2d 891, 894. I find that the allegation set forth Rin the petition, considered in the light most favorable to the appellants and, if accepted as true, sets forth a cause of action.[1]

. Finding that a cause of action exists does not equate with this Court finding that the appellants would prevail on a motion for summary judgment or at trial.