MAX N. TOBIAS, JR., Judge.
|, Intervenors, the Louisiana Environmental Action Group (“LEAN”) and Oak-ville Community Action Group (“Oakville”), have filed this application for supervisory writs seeking review of the trial court’s interlocutory order requiring LEAN and Oakville to disclose the identity and contact information of all of its members. For the reasons that follow, we grant the writ application and reverse the judgment of the trial court that granted the motion to compel filed by Industrial Pipe, Inc., the plaintiff in this matter.
LEAN is a Louisiana non-profit. corporation domiciled in Baton Rouge that serves as an umbrella organization for environmental and citizen groups. LEAN aims to protect the organization’s members who live, work, and recreate within *898 the state, including Oakville, from threats of pollution and environmental hazards.
Oakville is composed of Oakville residents organized to preserve and protect the environmental, health, and safety interests of the Oakville community and its surroundings, including from nuisances, health hazards, and environmental hazards associated with the operation of Industrial Pipe’s landfill.
laSince the mid-1980, Industrial Pipe owner Kennett Stewart has operated a landfill directly abutting the Oakville community. In 2004, the Louisiana Department of Environmental Quality (LDEQ) granted Mr. Stewart a permit to operate an 80-plus acre landfill.
Thus, for years this landfill has operated only 50 feet from residential lots and a community playground in Oakville. And for years, the intervenors allege, the landfill has robbed their community of a decent quality of life, exposing the people to noxious landfill odors, noisy equipment, pollution, dust, and fires not to mention the indignity of living so close to a landfill.
Recently, approaching the limit of space in the landfill after over a quarter century of dumping, Mr. Stewart sought to expand the landfill westward into 8.8 acres of “[h]igh quality cypress túpelo swamp habitat.” The expansion area is also zoned by the parish as a flood plain. Because the expansion area is wetlands in the Coastal Zone and is not zoned for industrial use, Industrial Pipe needed a Coastal Use Permit from the parish. On 15 April 2010, Industrial Pipe applied to the Plaquemines Parish Coastal Zone Management Authority (“PPCZMA”) for a Coastal Use Permit to allow this expansion and to continue the life of the landfill for many more years. The PPCZMA, an approved authority under the Coastal Zone Management Act, received the application and reviewed it to determine whether it conformed with the Coastal Use Guidelines.
| aOakville and LEAN opposed the application, arguing that the consequences of the parish’s decision on Industrial Pipe’s Coastal Use Permit application are significant. The permit would allow Industrial Pipe to dispose of 245,000 cubic yards of construction and demolition debris waste into an area of wetlands larger than five football fields. The additional waste would amount to one-third of the total waste that is already there. Thus, this permit would allow the landfill to stay in operation directly next to Oakville for many additional years.
Further, LEAN and Oakville argued, because the proposed expansion is into wetlands, it raises an entire additional set of concerns. Consistent with these concerns, the Louisiana Coastal Use Guidelines, which govern any proposed construction in the Coastal Zone, dictate: “The location and operation of waste storage, treatment, and disposal facilities shall be avoided in wetlands to the maximum extent practicable.... ” LEAN and Oakville were additionally aware that the area Industrial Pipe sought to expand into was not zoned for industrial use but, rather, for rural and agricultural use and, therefore, the expansion was prohibited.
On 5 October 2011, Plaquemines Parish denied Industrial Pipe’s application for a Coastal Use Permit, finding that “the proposed activity in not consistent with Coastal Use Guidelines....” Among the reasons cited by the parish for denying the application as inconsistent with the guidelines were the lack of proper zoning (because it was zoned as rural and agricultural, not industrial); failure to demonstrate a need for the expanded facility; the activity is not water dependent; |4the guidelines mandate avoiding placement of landfills in wetlands; and the cost to the public, par *899 ticularly the Oakville community, of environmental harms associated with the land-fin.
On 3 November 2011, Industrial Pipe sued the parish and its representatives for denying the Coastal Use Permit application. On 21 November 2011, LEAN, Oak-vüle, and Ms. Gloria Mayfield filed a petition for intervention in the proceedings, intervening on the side of the parish.
On 4 April 2012, Industrial Pipe propounded written discovery on LEAN and Oakville, which inter alia, sought the names, addresses, and contact information for all of their members. LEAN and Oak-ville objected, but eventually provided the requested information on five individuals, two of whom are members of LEAN and all of whom are members of Oakville, in order to prove standing. Additionally, LEAN and Oakville provided a detailed affidavit from Mark Magee (a LEAN and Oakville member), in which he discussed his proximity to the landfill, the history of his ownership of the land, and its impacts on him and his family.
Industrial Pipe filed a motion to compel, arguing that it needed this information in order to determine whether LEAN and Oakville had standing to represent its members, which was granted on 5 July 2012.[1] In addition, Industrial Pipe argued that it needed the names in order to determine if any of them were ^parties to a previous lawsuit settled by Industrial Pipe with some members of the Oakville community.[2] In particular, LEAN and Oak-ville were ordered to provide the names, addresses, and telephone numbers of all its members residing in Plaquemines Parish. After the motion to compel was granted, LEAN and Oakville provided Industrial Pipe with the names of 62 of its members, stating that 60 of the members reside in the community of Oakville, one member resides in Cedar Grove, and one member resides in Belle Chasse. LEAN stated that its members include all of the named Oakville members, plus 13 additional members who reside in several Plaquemines Parish communities including Oakville, Bu-ras, Braithwaite, Jesuit Bend, Port Sul-phur, and Belle Chasse.
On 18 July 2012, Oakville and LEAN filed a motion to reconsider and vacate the trial court’s ruling on the motion to compel based on its supplemental response to the discovery request. Oakville and LEAN argued that, at this point, Industrial Pipe had all of the information it needed to both determine whether any members were party to the settlement agreement (though by no means conceding that this precluded Oakville and LEAN’S intervention or the members’ participation in the intervention) and to determine whether Oakville and LEAN were composed of members who “live seven, eight miles away.” They asserted that they had | (¡sufficiently satisfied the discovery requests and addressed all of the potentially relevant reasons why Industrial Pipe would need the additional information.
Industrial Pipe filed a motion to compel compliance with the discovery order on 25 July 2012. These matters were set for a hearing on 9 August 2012. On that date, *900 the court reaffirmed its earlier ruling compelling responses to the discovery. A written judgment to that effect was entered on 21 August 2012. In particular, the judgment stated in pertinent part:
IT IS ORDERED, ADJUDGED, AND DECREED that within ten days, Intervenors, LEAN and Oakville, produce the information requested in Industrial Pipe’s Interrogatory No. 1 for all members who reside within Plaquemines Parish, and produce all documents and/or communications in their possession that evidence communications between them and/or their attorneys and the Plaquemines Parish Council, Coastal Zone Management Department and/or employees of Plaquemines Parish as requested in Plaintiffs Request for Production No. 9. The Court hereby confirms its Judgment on these issues signed and entered on June 29, 2012, and recalls the Judgment signed July 17, 2012 by Judge Kevin Connor.
LEAN and Oakville filed the instant writ seeking review of the trial court’s decision on 21 August 2012.
Before addressing the merits of writ application, we must examine whether the writ application itself is timely. Industrial Pipe contends that because a party cannot file a motion for new trial or, in this case, a motion to reconsider an interlocutory judgment, this writ is untimely. Specifically, Industrial Pipe argues that LEAN and Oakville had to seek a writ from the 5 July 2012 judgment, not the one issued in August. Our decision in Carter v. Rhea, 01-0234 (La.App. 4 Cir. 4/25/01), 785 So.2d 1022, clearly supports this argument.
|7However, we decline to apply Carter to the matter at hand. In the August judgment, the court “confirms” its judgment and further recalls a judgment on these issues that was signed by another judge on 17 July 2012. These pronouncements create a new judgment, from which LEAN and Oakville could seek supervisory review from this court. Therefore, we find the present writ application is timely.
Louisiana has adopted the U.S. Supreme Court’s three-part test articulated in Hunt v. Washington State Apple Advertising Commission, 482 U.S. 333, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977), to determine whether an association has standing to bring suit on behalf of its members. The Hunt test is comprised of the following three elements: 1) whether the members would otherwise be able to bring suit in their own right; 2) whether the interests the association wishes to protect are pertinent to its purpose; and 3) neither the claim asserted by the association nor the relief sought requires the participation of individual members. Louisiana Hotel-Motel Association v. Parish of East Baton Rouge, 385 So.2d 1193, 1196 (La.1980) (citing Hunt, supra (emphasis supplied)). In applying Hunt, the Louisiana Supreme Court has held that to meet the first prong of the Hunt test, the association must first establish harm that is not only “present or probable for the future,” but also establish harm that would occur to the members themselves. Louisiana Hotel-Motel, 385 So.2d at 1197.
In this case, we find that LEAN and Oakville have satisfied the three-part test and that the additional information sought by Industrial Pipe is irrelevant and would not lead to the discovery of relevant evidence.
The exercise of supervisory jurisdiction by appellate courts is within their plenary power. La. Const. art. V, § 10. When dealing with pretrial discovery matters, a trial court has broad discretion. See Stolzle v. Safety & Sys. Assur. Consultants, Inc., 02-1197 (La.5/24/02), 819 So.2d 287. Thus, the standard of review in this assignment is whether the trial court abused that discretion.
*901 La. C.C.P. art. 1422 states, in part, “[pjarties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action.” La. C.E. art. 401 defines relevant evidence as “evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.”
The discoverability test under La. C.C.P. art. 1422, entails first asking whether answering the discovery is feasible and practicable. If that answer is in the affirmative, then the court determines whether an answer to the discovery would “expedite the litigation by either narrowing the area of controversy or avoiding unnecessary testimony or providing a lead to evidence.” MTU of N. Am., Inc. v. Raven Marine, Inc., 475 So.2d 1063, 1067 (La.1985). Courts have established that while relevance in discovery is broader than that required for admissibility at trial, “the object of inquiry must have some evidentiary value before an order to compel disclosure of otherwise inadmissible material -will issue.” In re Marriage of Kuntz, 05-0172, pp. 6-7 (La.App. 4 Cir. 2/1/06), 929 So.2d 75, 79.
While we recognize the great, even vast, discretion granted to the trial court in discovery matters, we find that the trial court abused that vast discretion in ordering LEAN and Oakville to further supplement its answers to Industrial Pipe’s interrogatories. We decline to follow the analysis of this court’s decision in Vieux Carre Property Oumers, Residents, and Associates, Inc. v. Hotel Royal, L.L.C., 09-0641 (La.App. 4 Cir. 2/3/10), 55 So.3d 1 (on rehearing), finding that LEAN and Oak-ville have, in fact, satisfied the three-part test to prove associational standing in this matter.[3] Therefore, we grant the writ application of the relators and reverse the judgment of the trial court, remanding the matter to the trial court below for further proceedings.[4]

WRIT GRANTED.

BELSOME, J., concurs in the result.

. The hearing on the motion to compel was held on 29 June 2012, during which the court granted the motion. However, the judgment was reduced to writing and the notice of signing same was on 5 July 2012.

. Some five years ago, approximately 98 members of the Oakville community sued Industrial Pipe for damages related to an unknown violation of an ordinance, regulation and/or permit committed by Industrial Pipe. That suit was settled. The attorney for LEAN and Oakville argued at the hearing that the lawsuit in question is not for any type of violation, but instead to assert their position regarding whether Industrial Pipe should receive a permit to expand its landfill.

. We note that the decision in Vieux Carre Property Owners, Residents, and Associates, Inc. v. Hotel Royal, L.L.C., 09-0641 (La.App. 4 Cir. 2/3/10), 55 So.3d 1 (on rehearing), held that the plaintiffs did not satisfy the first prong of the Hunt test because they could not establish a concrete injury to the members of the Association. In Friends of the Earth, Inc. v. Laidlaw Envtl. Serv., Inc., 528 U.S. 167, 183, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000), the Supreme Court held that the injuiy-in-fact need not be physical or economic, but rather may be based on "aesthetic” or "recreational” injuries. This calls into question the validity of the Vieux Carre decision. See the dissent by Bagneris, J.

. Because we find that LEAN and Oakville have standing to intervene in this lawsuit, we pretermit discussion of whether the trial court violated their First Amendment constitutional rights.