TERRI F. LOVE, Judge.
hVal C. Cupit, Joseph Wallace Johnson, Ralph Schindler, and Reed Hess (collectively “Plaintiffs”) seek review of the district court’s granting of the exception of no right of action filed by the City of New Orleans (“the City”). At the hearing on the exception of no right of action, the district court concluded that Plaintiffs have no standing to appeal a decision of the Board of Zoning Adjustments (“BZA”) be *863 cause the Plaintiffs failed to prove specific harm. We find that Plaintiffs in this case have standing to seek judicial review of the BZA decision because the Plaintiffs, as neighboring property owners, are aggrieved persons as contemplated by La. R.S. 33:4727(E)(1) and Comprehensive Zoning Ordinance of the City of New Orleans (“CZO”) Section 14.11. Accordingly, we find the district court erred in finding that the Plaintiffs lacked standing to appeal a BZA decision, and reverse.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Macaluso Realty (“Macaluso”) owns the two-family home located at 825-827 Cha-pelle Street in the Lakeview neighborhood. Plaintiffs are individual homeowners in the same neighborhood. Prior to Hurricane Katrina, the Macaluso 12home enjoyed conforming status in the Lakeview two-family zoning district. After Hurricane Katrina, the Lakeview district was converted by city ordinance from two-family dwellings with a moratorium on new doubles to a single family zoning district with a waiver for existing doubles. See CZO 9A.1.3. For a property to maintain its non-conforming use as a double, owners had to rebuild and restore their properties within five years of Hurricane Katrina or lose their right to do so. See CZO 9A.1.3(2)(A)(c). The deadline for obtaining a permit to restore two-family dwellings that existed before Hurricane Katrina in Lakeview was August 29, 2010. Id. Two-family dwellings that failed to obtain a building permit by August 29, 2010, would lose their two-family status and revert to single-family status. Id.
In 2006, Macaluso applied for and received an emergency permit to restore the double residence; however Plaintiffs claim that no substantive repairs were completed on the structure and as a result the permit expired.
Macaluso received a supplemental permit to complete Hurricane Katrina repairs in October 2010, two months after the five year deadline to rebuild under the Lake-view zoning ordinance.[1]
Additionally in October of 2011, Macalu-so received a second supplemental permit to complete Hurricane Katrina repairs. Three days later, the Director of the Department of Safety and Permits revoked the second supplemental permit citing that the property had lost its non-conforming use status under CZO 9A.1.3. Macaluso subsequently filed an appeal to the BZA.
Following a public hearing, the BZA overturned the decision of the Department of Safety and Permits to revoke the supplemental permit of October |s2011. Plaintiffs filed with the district court a writ of certiorari and appeal of the BZA decision to reinstate the supplemental permit. Plaintiffs claimed that the BZA’s decision was arbitrary and capricious because Ma-caluso was erroneously granted a supplemental permit in October 2011 in violation of CZO 9A.1.3. The City filed an exception of no right of action claiming that Plaintiffs do not belong to the class of aggrieved parties for whom the law provides a remedy because they have not suffered specific identifiable harm as a result of the BZA’s decision to overturn the revocation of Macaluso’s supplemental permit. The district court concluded that because Plaintiffs failed to demonstrate any specific harm, Plaintiffs did not have standing to seek a remedy in the present matter. Consequently, the district court granted the City’s exception of no right of action.
*864 It is from the district court’s ruling granting the City’s exception of no right of action that this appeal follows.

STANDARD OF REVIEW

Review of a peremptory exception of no right of action is reviewed de novo as it involves questions of law. Parker v. State, 11-1475, p. 1 (La.App. 4 Cir. 3/7/12), 86 So.3d 791, 793, writ denied, 12-957 (La.6/15/12), 90 So.2d 1067. This Court has previously stated:
The function of an exception of no right of action is a determination of whether plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the petition. Badeaux v. Southwest Computer Bureau, Inc., 2005-0612 (La.3/17/06), 929 So.2d 1211; See also La. C.C.P. art. 927. The exception of no cause of action determines whether, based on the facts alleged in the four corners of the petition, the law affords the plaintiff a remedy. The court accepts the allegations of the petition as true, and decides whether the plaintiff is legally entitled to the relief claimed in the petition. See Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1235 (La.1993).
| Jenkins v. Gray Ins. Co., 11-0035, p. 3 (La.App. 4 Cir. 7/6/11), 67 So.3d 707, 709, writ denied, 11-1821 (La.10/21/11), 73 So.3d 389.

EXCEPTION OF NO RIGHT OF ACTION

Plaintiffs allege that the district court erred in granting the City’s exception of no right of action because Plaintiffs are “aggrieved” by the BZA’s decision to reinstate Macaluso’s supplemental permit as required by La. R.S. 33:4727 and New Orleans CZO § 14.11. La. R.S. 33:4727(E)(1) states:
Any person or persons jointly or severally aggrieved by any decision by the board of adjustment ... may present to the district court of the parish or city in which the property affected is located a petition, duly verified, setting forth that the decision is illegal, in whole or in part, specifying the grounds for the illegality. The petition shall be presented to the court within thirty days after the filing of the decision in the office of the board.
Additionally, CZO § 14.11 provides in pertinent part:
Any persons or persons ... aggrieved by any decision of the Board of Zoning Adjustments may present to the Civil District Court within thirty days after the filing of the decision in the office of the Board, a writ of certiorari asking for such relief and under such rules and regulations as are provided for such matters in appropriate legislation of the State of Louisiana.
The above statute and ordinance both codify a cause of action brought by an “aggrieved” person or persons to challenge the legality of a BZA decision. The district court in this case interpreted “aggrieved” as a showing of present or future probable harm to one’s property, as defined by the first inquiry in a three-part test announced in Hunt v. Washington State Apple Advertising Commission, 432 U.S. 333, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977) and adopted by Louisiana Hotel-Motel Ass’n v. Parish of East Baton Rouge, 385 So.2d 1193, 1196 (La.1980).
The three-part test set forth in Hunt involved a determination of whether a neighborhood association has standing to bring an action on behalf of its members. |sHunt established that in order for a neighborhood association to have standing, the first inquiry was whether the members of the organization would be able to bring *865 suit in their own right. Vieux Carre Property Owners v. Hotel Royal, L.L.C., 09-0641, p. 4 (La.App. 4 Cir. 2/3/10), 55 So.3d 1, 2-3. Secondly, the inquiry asks “whether the interests of the association wished to protect were pertinent to its purpose.” Id., 09-0641 at p. 4, 55 So.3d at 3. Finally, the Hunt test requires that the organization establish that neither the claim asserted nor the relief sought requires individual members’ participation. Id.
The Louisiana Supreme Court has held that in order to meet the first prong of the Hunt test, the neighborhood association must establish harm that is not only “present and probable for the future” but also establish harm that would occur to the members themselves. Id., 09-0641 at p. 5, 55 So.3d at 3.

Hotel Royal and Yokum

The City cited this Court’s opinions in Hotel Royal, supra, and Yokum v. Nicholas S. Karno, II, Inc., 10-1239 (La.App. 4 Cir. 6/1/11), 66 So.3d 1240, to support its argument that Plaintiffs have no right of action because they cannot establish actual or specific harm as intended in Hunt.
In Hotel Royal, the neighborhood association filed a petition for declaratory judgment and for a preliminary and permanent injunction alleging that the defendants’ expansion of their hotel property violated local zoning ordinances. Hotel Royal, 09-0641 at p. 3, 55 So.3d at 3. The neighborhood association alleged that the expansion of the hotel property threatened the “architectural, historical, cultural and aesthetic integrity, and values of the Vieux Carre” and would create additional traffic congestion, noise, and other destructive activities to the French Quarter. Id., 09-0641 at p. 3, 55 So.3d at 6-7. Applying the first prong of the | fiHunt test, this Court found that the association failed to establish present or probable harm for the future. We concluded that the allegation that the alleged zoning violations would threaten the values of the Vieux Carre to be subjective and not susceptible to measurement. Id., 09-0641 at p. 1, 55 So.3d at 7. This Court also found that possible increased congestion and noise due to the zoning violations did not rise to the level of “present and probable harm.” Id.
Similarly in Yokum, two neighborhood associations and two private individuals filed suit for damages and injunctive relief alleging that the defendant’s bar establishment violated municipal noise ordinances. Yokum, 10-1239 at p. 1, 66 So.3d at 1242. This Court applied the Hunt test and determined that the first prong was not satisfied. The neighborhood associations failed to demonstrate that a single member of the association within listening distance of the defendant’s bar suffered actual damage to his person or property due to the bar’s alleged illegal conduct. Id., 10-1239 at p. 5, 66 So.3d 1240 at 1243-44. Furthermore, this Court concluded that the neighborhood associations failed to allege that either association sustained damage due to the bar’s activities. Id, 10-1239 at p. 5, 66 So.3d 1240 at 1244.
In this case, the City claims that if actual harm is necessary for a neighborhood association to bring suit on behalf of its members, then it should follow that the neighbors should be required to make the same showing of actual harm. Thus, the City alleges that because Plaintiffs failed to prove that they suffered any actual harm, Plaintiffs lack standing to appeal the BZA’s decision to reinstate the supplemental permit.
We find the procedural posture of Hotel Royal and Yokum, both cases that the district court in this case relied on to grant the exception of no right action, to |7be distinguishable from the present matter as they both involve injunctions. Here, the Plaintiffs seek judicial review of the BZA’s *866 decision to reinstate Macaluso’s supplemental permit pursuant to statute and ordinance.

Carrollton/Riverbend

Unlike Hotel Royal and Yokum, we find the present case is procedurally similar to this Court’s recent opinion Carrollton/Riverbend Neighborhood Ass’n v. The City of New Orleans, 11-1737 (La.App. 4 Cir. 6/27/12), unpub. In Carrollton/Riverbend, a neighborhood association sought judicial review of the BZA’s decision which granted a zoning variance pursuant to La. R.S. 38:4727(E)(1) and CZO § 14.11. Robinson Ventures, L.L.C. purchased two parcels of land on Zimple Street and filed an application for a zoning variance with the BZA. One purpose of the neighborhood association, whose members reside in the Carroll-ton neighborhood, is to preserve the area’s historic character. The neighborhood association filed a petition for writ of certio-rari and judicial review of the BZA decision approving the zoning variance of one of Robinson’s properties.
Robinson intervened and filed an exception of no right of action, alleging that the neighborhood association failed to sustain actual economic harm or to have a pecuniary interest in the matter. Following the district court’s finding that the neighborhood association lacked standing, an appeal to this Court followed.
On appeal, Robinson claimed, as does the City in this case, that in order to be an “aggrieved” party, the neighborhood association must demonstrate harm that is present or probable for the future as a result of the BZA zoning waivers. In Carrollton/Riverbend, this Court concluded that Hotel Royal and Yokum are distinguishable, where the action is brought pursuant to La. R.S. 33:4727(E)(1) and CZO § 14.11. The Carrollton/Riverbend opinion stated:
Nothing in Hotel Royal and Yokum implies intent to overturn years of jurisprudence allowing neighbors and neighborhood associations to seek judicial review of a BZA decision to grant a variance to zoning ordinances ... [the neighborhood association was] only required to allege that the BZA acted illegally and specify the grounds for the illegality ... [and there is] no requirement in the statute or ordinances that the neighbors or neighborhood association demonstrate a clear, direct economic injury to secure judicial review of a BZA decision.
Carrollton/Riverbend, 11-1737 at p. 5. See also Joubert v. City of New Orleans Office of Safety & Permits, 09-0601 (La.App. 4 Cir. 1/13/10), 30 So.3d 186. (Neighbors given the opportunity to present their grievances to the district court pursuant to La. R.S. 33:4727(E)(1)).
The right to judicial review of a BZA decision to reinstate a zoning ordinance waiver is provided by statute and ordinance. Here, the Plaintiffs as adjacent property owners and neighbors are among the individuals the zoning ordinances are in place to protect. See Curran v. Board of Zoning Adjustments, 580 So.2d 417 (La.App. 4 Cir.1991). Likewise, as we noted in Carrollton/Riverbend, “a variance to zoning ordinances erases that protection, causing aggrievement.” Carrollton/Riverbend, 11-1737 at p. 5.
The City contends that Carrollton/Riverbend is distinguishable from the present case because it does not involve a zoning variance request. Rather, the BZA decision maintains the use of the Macaluso property as a two-family dwelling. However, it is the decision to maintain the use of the property as a two-family dwelling by reinstating the supplemental permit that creates a zoning variance in the Lakeview district. Thus, just as a request for a *867 variance to a zoning ordinance causes ag-grievement to adjacent property owners and neighbors, so does |athe BZA’s decision to overturn the Department of Safety and Permits denial of Macaluso’s permit. Moreover, the City avers that Carroll-ton/Riverbend is distinguishable because in that case it was a neighborhood association that sought relief. This Court finds that this argument lacks merit as La. R.S. 33:4727(E)(1) and CZO § 14.11 permit persons individually or jointly to seek review of a BZA decision.
Thus, the Plaintiffs “were only required to allege that the BZA acted illegally and specify the grounds for the illegality.” Id., 11-1737 at p. 5. The Plaintiffs allege that the BZA failed to consider that Macaluso lost the use of the subject property as a double on August 29, 2010, when Macaluso failed to make substantive improvements to the property and failed to apply for a supplemental permit before the deadline.
Pursuant to La.R.S 33:4727(E)(1) and CZO § 14.11, we find that the Plaintiffs are aggrieved persons and have standing to seek judicial review of the BZA’s decision to reinstate Macaluso’s second supplemental permit which allowed the subject property to remain a two-family dwelling. Further, because we find that the district court erred in granting the exception of no right of action, we pretermit discussion on Plaintiffs’ claim that the district court erred in not providing them an opportunity to amend their petition under La. C.C.P. Art. 934.

DECREE

Based on the foregoing, we find that the district court erred in granting the exception of no right of action as the Plaintiffs have standing to seek judicial review of the BZA decision pursuant to statute and ordinance. Accordingly, the | ^judgment of the district court granting the exception of no right of action is reversed.
REVERSED
DYSART, J., concurs in result.

. Plaintiffs assert that Macaluso’s supplemental permit was erroneously granted.