Judge Joy Cossich Lobrano
Plaintiffs/relators, Carroll Collins Dabezies, through her co-mandataries, Olivier C. Dabezies and Conrad G. Collins, seek review of the district court's judgment of February 23, 2018, granting the defendants' motion to compel.
Plaintiffs instituted the present action to judicially partition the family home at 6016 St. Charles Avenue. Carroll Collins Dabezies and her deceased husband, Dr. Oliver H. Dabezies, Jr., owned the property during their marriage and raised their children there. Olivier C. Dabezies is Carroll's son and the defendants are her daughters. Upon the death of Dr. Dabezies in 2001, Carroll was placed in ownership of fifty percent interest in the property; the other fifty percent was divided among the five children, each having a ten percent interest in the property, subject to Carroll's usufruct. In 2004, Carroll executed a very broad and all-encompassing procuration, authorizing her son and her brother to act as her co-mandataries. In 2007, Carroll was diagnosed with Alzheimer's and placed in Poydras Home, where she continues to reside. The parties attempted an amicable agreement to sell the family home. However, they could not agree, and the present partition suit was filed.
Defendants have sought to obtain financial information; which discovery the plaintiffs have opposed. Defendants filed a motion to compel discovery. After a hearing, the district court rendered judgment granting the motion to compel and ordering plaintiffs to provide the information *501 requested. The plaintiffs informed the district court of their intent to seek supervisory review, and the district court set a return date of March 27, 2018 and filed their application for supervisory writs with this court on the same day. Defendants have opposed the writ application, arguing that the trial court's ruling was correct in light of the allegations in the petition to partition and the answer and affirmative defenses filed in response.
Pursuant to La. C.C.P. 1422 :
[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.
"A trial court has broad discretion in handling discovery matters and an appellate court should not upset a ruling absent an abuse of discretion." Sercovich v. Sercovich, 11-1780, p. 5 (La.App. 4 Cir. 6/13/12), 96 So.3d 600, 603. Under this abuse of discretion standard of review, "[a]n appellate court must balance the information sought in light of the factual issues involved and the hardships that would be caused by the court's order when determining whether the trial court erred in ruling on a discovery order." Favrot v. Favrot , 12-1573, p. 4 (La.App. 4 Cir. 5/1/13), 115 So.3d 1190, 1193.
La. C.E. art. 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." The discoverability test under La. C.C.P. art. 1422 entails first asking whether answering the discovery is feasible and practicable. If that answer is in the affirmative, the court then determines whether an answer to the discovery would "expedite the litigation by either narrowing the area of controversy or avoiding unnecessary testimony or providing a lead to evidence." Indus. Pipe, Inc. v. Plaquemines Parish Council, 12-1348, p. 8 (La.App. 4 Cir. 9/14/12), 100 So.3d 896, 901.
Because the test for discoverability of evidence is broader than the test for admissibility, the following three categories of evidence have been identified in terms of admissibility and discoverability: "(1) evidence which is admissible at the trial or hearing, (2) evidence which is discoverable, including, but not limited to, all evidence admissible at the trial or hearing, and (3) evidence which is neither admissible nor discoverable." Sullivan v. Malta Park , 14-0478, p. 18 (La.App. 4 Cir. 12/10/14), 156 So.3d 751, 762, quoting 1 Frank L. Maraist and Harry T. Lemmon, Louisiana Civil Law Treatise: Civil Procedure § 9:1 (1999). Courts have established that while relevance in discovery is broader than that required for admissibility at trial, "the object of inquiry must have some evidentiary value before an order to compel disclosure of otherwise inadmissible material will issue." Indus. Pipe, Inc., 12-1348, p. 8, 100 So.3d at 901. "A party seeking to compel discovery bears the burden of proving that the matters sought to be discovered are relevant." State ex rel. Ieyoub v. Racetrac Petroleum, Inc., 01-0458, p. 18 (La.App. 3 Cir. 6/20/01), 790 So.2d 673, 685.
*502 In the present case, the plaintiffs/relators argue that the district court erred in granting the motion to compel discovery, suggesting that the discovery sought is too broad and not relevant to the partition of the immovable property at issue. Plaintiffs object to the following interrogatories propounded:
Interrogatory No. 8:
For each person identified in response to interrogatory No. 5, indicate whether each person reimbursed our mother for any expenses related to their occupation of the Property, and if so, provide the amount of reimbursements paid and the item/expenses for which the reimbursements were paid.
* * *
Interrogatory No. 11:
For the time period during January 13, 2004, to the present, identify all accounts in our mother's name, including without limitation, banking, credit card, retirement, and private investment accounts. Include the type of account, the institution where the account is held, and the address of the institution.
The plaintiffs also object to the defendants' requests for production of documents which seek: (1) a sworn descriptive list of the current contents of the property; (2) any appraisals of the property between August 18, 2014 and the present; (3) an accounting of the annual cost of maintaining the property, including without limitation, domestic help, utilities, and all other costs expended to maintain the property; (4) an accounting of the necessary expenses, expenses for ordinary maintenance and repairs, and necessary management expenses paid to third parties for the time period of January 2007 to the present; (5) all bank statements for any bank account in the name of Carroll Collins Dabezies; (6) all IRA account statements for any account in the name of Carroll Collins Dabezies; (7) all credit card statements for any account in the name of Carroll Collins Dabezies; (8) all statements for any private investment account in the name of Carroll Collins Dabezies; (9) statements for all accounts listed in response to Interrogatory No. 11; and (10) a full accounting of the co-mandataries'
*503 management of the property listed in the Sworn Descriptive List dated January 30, 2004, which was and/or is subject to a usufruct in favor of Carroll Collins Dabezies.
We find that several of the discovery requests are relevant and may lead to admissible evidence relating to the partition: the requests for: (1) a sworn descriptive list of the current contents of the property; (2) any appraisals of the property between August 18, 2014 and the present; (3) an accounting of the annual cost of maintaining the property, including without limitation, domestic help, utilities, and all other costs expended to maintain the property; (4) an accounting of the necessary expenses, expenses for ordinary maintenance and repairs, and necessary management expenses paid to third parties for the time period of January 2007 to the present; and (5) information regarding reimbursements from persons occupying the residence to Carroll Collins Dabezies.
However, several requests go far beyond the scope of the present proceeding, a partition of the immovable property. Requests for production of: (1) all bank statements for any bank account in the name of Carroll Collins Dabezies; (2) all IRA account statements for any account in the name of Carroll Collins Dabezies; (3) all credit card statements for any account in the name of Carroll Collins Dabezies; (4) all statements for any private investment account in the name of Carroll Collins Dabezies; (5) statements for all accounts listed in response to Interrogatory No. 11; and (6) a full accounting of the co-mandataries' management of the property listed in the Sworn Descriptive List dated January 30, 2004, which was and/or is subject to a usufruct in favor of Carroll Collins Dabezies, are not relevant to a partition suit. While the other requests deal with the financial aspects of maintaining the property and issues relating to its value, these requests seek information relating to the management of Carroll Collins Dabezies' separate property under the procuration.[1]
We agree, however, that the district court abused its discretion in ordering the plaintiffs to respond to discovery seeking: (1) all bank statements for any bank account in the name of Carroll Collins Dabezies; (2) all IRA account statements for any account in the name of Carroll Collins Dabezies; (3) all credit card statements for any account in the name of Carroll Collins Dabezies; (4) all statements for any private investment account in the name of Carroll Collins Dabezies; (5) statements for all accounts listed in response to Interrogatory No. 11; and (6) a full accounting of the co-mandataries' management of the property listed in the Sworn Descriptive List dated January 30, 2004, which was and/or is subject to a usufruct in favor of Carroll Collins Dabezies. The defendants have not shown that these requests are relevant and may lead to admissible evidence.
Accordingly, the writ application is granted in part, and the district court's ruling is reversed in regards to the discovery requests for: (1) all bank statements for any bank account in the name of Carroll Collins Dabezies; (2) all IRA account statements for any account in the name of Carroll Collins Dabezies; (3) all credit card statements for any account in the name of Carroll Collins Dabezies; (4) all statements for any private investment account in the name of Carroll Collins Dabezies; (5) statements for all accounts listed in response to Interrogatory No. 11; and (6) a full accounting of the co-mandataries' management of the property listed in the Sworn Descriptive List dated January 30, 2004, which was and/or is subject to a usufruct in favor of Carroll Collins Dabezies.
The writ application is denied in part as to the requests for discovery concerning: (1) a sworn descriptive list of the current contents of the property; (2) any appraisals of the property between August 18, 2014 and the present; (3) an accounting of the annual cost of maintaining the property, including without limitation, domestic help, utilities, and all other costs expended to maintain the property; (4) an accounting of the necessary expenses, expenses for ordinary maintenance and repairs, and necessary management expenses paid to third parties for the time period of January 2007 to the present; and (5) information regarding reimbursements from persons occupying the residence to Carroll Collins Dabezies.
This matter is remanded to the district court for further proceedings consistent with this writ disposition.
WRIT GRANTED IN PART; DENIED IN PART; REMANDED.

Additionally, we note that under Dr. Oliver Dabezies' will, Carroll Collins Dabezies has a lifetime usufruct over Dr. Dabezies' separate and community property, including the immovable property sought to be partitioned. The will also provides that "should any asset of [his] estate be sold, [Carroll's] usufruct over same shall continue over the proceeds of such sale." Thus, if the property is sold as result of the partition suit, Carroll Collins Dabezies would have usufruct over the proceeds of the sale. Defendants would not be entitled to proceeds of the sale until Carroll's death.