| | | |
|---|---|---|
| SUSAN C. SCHEINUK | * | NO. 2023-C-0429 |
| VERSUS | * | |
| | | COURT OF APPEAL |
| LAUREN LEVENSON, STATE | * | |
| FARM INSURANCE | | FOURTH CIRCUIT |
| COMPANY, DANIEL | * | |
| WILLIAMS AND JIBRI | | STATE OF LOUISIANA |
| BROWN | * * * * * * * | |

APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2018-09252, DIVISION "A"
Honorable Ellen M Hazeur, Judge
* * * * * *
**Judge Paula A. Brown**
* * * * * *
(Court composed of Judge Paula A. Brown, Judge Tiffany Gautier Chase, Judge
Rachael D. Johnson)

Scott A. Cannon
Shannon M. Livermore
Ryan P. Gregoire
CANNON & LIVERMORE, LLC
122 Village Street
Slidell, LA 70458


       COUNSEL FOR DEFENDANTS/RELATORS

McNeil J. Kemmerly
187 East Oakridge
Metairie, LA 70005
-AND-
Louis P. Bonnaffons
Donald E. McKay. Jr.
LEAKE & ANDERSON, L.L.P.
1100 Poydras Street, Suite 1700
New Orleans, LA 70163


       COUNSEL FOR PLAINTIFF/RESPONDENT

                                          **WRIT GRANTED**
                                          **JULY 24, 2023**

PAB
TLC
RDJ

This matter arises out of a discovery dispute. Through their supervisory writ application to this Court, Relators, Lauren Levenson and State Farm Mutual Automobile Insurance Company, seek to have this Court further modify the district court's June 2, 2023 judgment, which granted in part Relators' motion to quash plaintiff's subpoena duces tecum for Respondent's, Susan C. Sheinuk, cell phone records. The district court reasoned that Respondent's request for the cell phone records of Relator, which sought to include records spanning a period of sixteen (16) days,[1] was unreasonable and overly broad. Consequently, the district court narrowed the scope of the subpoenaed phone records to include only five (5) days—beginning on the day of the accident, September 16, 2017, through September 21, 2017—a period in which Ms. Levinson avers that her cell phone was rendered inoperable due to the accident.

It is well-settled law that discovery statutes are to be liberally and broadly construed to achieve their intended objectives.[2] *Stolzle v. Safety & Systems Assur.*

---

[1] The subpoena requested records covering the time period beginning on September 15, 2017—the day before the accident—through September 30, 2017.

[2] The basic objectives of the discovery process, as provided in Louisiana jurisprudence are: "(1) to afford all parties a fair opportunity to obtain facts pertinent to pending litigation; (2) to discover the true facts and compel disclosure of these facts wherever they may be found; (3) to assist litigants in preparing for trial; (4) to narrow and clarify the issues between the parties; and

*Consultants, Inc*., 02-1197, p. 2 (La. 5/24/02), 819 So.2d 287, 289, citing *Hodges v. Southern Farm Bureau Cas. Ins. Co.,* 433 So.2d 125 (La.1983). Generally, a party may obtain discovery of any information which is relevant to the subject matter involved in the pending action. There are limitations to this rule, however, when justice requires that a party or other person be protected from annoyance, embarrassment, oppression, or undue burden or expense. *Hendricks v. Wells Fargo Ins., Stericycle, Inc.*, 21-0109, p. 2 (La. App. 4 Cir. 10/27/21), ___ So.3d ___, ___, 2021 WL 4987962, *3-4, (citing *Stolzle*, *supra*, citing La. C.C.P. art. 1422. La. C.C.P. art 1426; *Laburre v. East Jefferson Gen. Hosp*., 555 So. 2d 1381 (La. 1990)).

During the discovery process, "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party…" La. C.C.P. art. 1422. La. C.E. art. 401, "defines 'Relevant evidence' as 'evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" *Qurashi v. Rosenow*, 22-0424, p. 4 (La. App. 4 Cir. 12/29/22), ___ So.3d ___, ___, 2022 WL 17985910, *7, quoting La. C.E. art. 401. "The discoverability test under La. C.C.P. art. 1422, entails first asking whether answering the discovery is feasible and practicable"; and "[i]f that answer is in the affirmative, then the court determines whether an answer to the discovery would 'expedite the litigation by

_____

(5) to facilitate and expedite the legal process by encouraging settlement or abandonment of less than meritorious claims." *Qurashi v. Rosenow*, 22-0424, p. 3 (La. App. 4 Cir. 12/29/22), ___ So.3d ___, ___, 2022 WL 17985910, *7 (citations omitted).

either narrowing the area of controversy or avoiding unnecessary testimony or providing a lead to evidence.'" *Indus. Pipe, Inc. v. Plaquemines Par. Council*, 12-1348, p. 8 (La. App. 4 Cir. 9/14/12), 100 So.3d 896, 901, citing *MTU of N. Am., Inc. v. Raven Marine, Inc.,* 475 So.2d 1063, 1067 (La.1985). Thus, "[t]he test of discoverability is not whether the particular information sought will be admissible at trial, but whether the information sought appears reasonably calculated to lead to the discovery of admissible evidence." *Cloud v. Gibson*, 22-0316, p. 4 (La. App. 4 Cir. 7/6/22), 344 So.3d 253, 256, (citing *Sercovich v. Sercovich*, 11-1780, pp. 4-5 (La. App. 4 Cir. 6/13/12), 96 So.3d 600, 603) (citation omitted).

In regards to obtaining discovery of cell phone records, after analyzing two separate Federal court decisions, this Court noted that the "cases acknowledged an individual's reasonable expectation of privacy in the electronic contents of a cell phone"; and although "the defendants sought the cell phone records of a party plaintiff to obtain information to bolster their defense against the plaintiff's claims", the district court in each case found that the defendants failed to establish good cause. *Hendricks*, 21-0109, p. 3, ___ So.3d at ___, 2021 WL 4987962, *7. *See Winter v. Bisso Marine Co., Inc.,* 13-CV-5191, 2014 WL 3778833, (E.D. La. July 29, 2014) (wherein that court reasoned that defendant's subpoena was overly broad, unduly burdensome and sought irrelevant and possibly privileged materials and was not reasonably calculated to lead to the discovery of admissible evidence, when defendant requested all records related to plaintiff's cell phone number, including billing and usage charges, and all logs of incoming and outgoing calls and texts, and data transfers for a specified period of time, which the plaintiff asserted would reveal information relevant to the plaintiff's claim that the accident caused him to have ongoing mental and physical problems.). *See also Scott v.*

*Complete Logistical Servs., LLC*, No. 19-CV-11672, 2021 WL 2402161 (E.D. La. June 11, 2021) (where that court found that defendants' subpoena was not proportional to the needs of the case when it sought the production of two years of the plaintiff's cell phone records for the purpose of establishing that the plaintiff was exaggerating his injuries).

In their application to this Court, Relators assert that "although the trial court agreed that the Plaintiff's Subpoena Duces Tecum was overly broad, the trial court's ruling, which enables Plaintiff access to Ms. Levenson's cell phone records for up to five days after the subject accident is still an invasion of privacy, overly broad, and not likely to lead to discoverable and relevant information."[3]  On the other hand, as Respondent pointed out in its opposition to Relators' motion to quash, and as the district court noted in its reasons for judgment: (1) Ms. Levenson testified in her deposition that the cell phone she owned at the time of the multi-vehicle accident giving rise to the underlying suit was completely destroyed in the collision; (2) Ms. Levenson was without the use of a cell phone for nearly one (1) week after the accident; and (3) Ms. Levenson obtained a new cell phone and phone number approximately two (2) months later. However, the cell phone number Ms. Levenson allegedly acquired two months later is listed on the Uniform Motor Vehicle Traffic Crash Report.

Considering the foregoing, we are mindful of the competing interests of Ms. Levenson's expectation of privacy and Respondent's right to obtain relevant, discoverable information.  Given the facts and circumstances surrounding the

---

[3] According to Relators' writ application, Relators have offered to stipulate that Ms. Levenson was 100% at fault for the accident in exchange for Respondent's agreement not to pursue any potential judgment which exceeds the total coverage amount provided for in Ms. Levenson's personal umbrella insurance policy.  Respondent has not accepted Relators' offer.

matter before us, particularly the discrepancies contained within Relator's deposition testimony relating to her cell phone, we find good cause exists for Respondent to obtain certain cell phone information outside of the two-hour window proposed by Relators. [4] Notwithstanding, we find that the district court abused its discretion in allowing for five (5) days' worth of Ms. Levenson's cell phone records as being overly broad, and we further find the inclusion of location data to be particularly intrusive and not relevant or germane to these proceedings. Accordingly, we hereby modify Respondent's subpoenas for the data related to cell phone numbers (504) 682-1712 and (504) 717-8474, and limit the cell phone data from the period beginning at 12:00 p.m. September 16, 2017 through 12:00 p.m. September 18, 2017, with any and all location data for each phone to be excluded.

**WRIT GRANTED**

---

[4] Relators seek to limit the scope of discovery to the cell phone data beginning one hour before to one hour after the accident.

5