| | | |
|---|---|---|
| **COASTAL FIRE PROTECTION, LLC** | * | **NO. 2025-C-0456** |
| | * | **COURT OF APPEAL** |
| **VERSUS** | * | **FOURTH CIRCUIT** |
| **TSM INVESTMENTS, LLC** | * | **STATE OF LOUISIANA** |

* * * * * * *

APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2022-08521, DIVISION "D"
Honorable Monique E. Barial, Judge
* * * * * *
**Judge Sandra Cabrina Jenkins**
* * * * * *
(Court composed of Judge Sandra Cabrina Jenkins, Judge Tiffany Gautier Chase, Judge Dale N. Atkins)

David C. Clement
Leslie J. Hill
CLEMENT & ASSOCIATES
650 Poydras Ste., Ste. 2828
New Orleans, LA 70130

      COUNSEL FOR RELATOR

David W. Nance
3912 Constance Street
New Orleans, LA 70115

      COUNSEL FOR RESPONDENT

**WRIT GRANTED;
RELIEF DENIED
September 16, 2025**

SCJ
TGC
DNA

Relator, Coastal Fire Protection, L.L.C., seeks review of the district court's June 23, 2025 judgment which granted the motion to compel discovery in favor of Respondent, TSM Investments, L.L.C. Relator contends the district court lacked jurisdiction to compel discovery relative to Respondent's Reconventional Demand while the appeal of the summary judgment ruling on the main demand was pending. For the reasons that follow, we grant Relator's writ application; however, we deny relief.

## FACTUAL/PROCEDURAL HISTORY

Relator maintains it entered into a subcontract agreement with Custom Drywall & Painting LLC ("Custom") to perform work on a fire sprinkler system at a construction project ("Project) owned by Respondent. Relator avers it was owed $13,599.28 for the work it performed. As a result of the alleged non-payment, Relator filed a lien, a Statement of Claim and/or Privilege in connection with the Project in the Orleans Parish land records and in accordance with the Louisiana Private Works Act. Thereafter, Relator filed a petition to enforce the lien and

1

collect the alleged outstanding monies owed ("Petition") against Custom and Respondent.

On October 27, 2022, Custom and Respondent jointly filed an Answer, Affirmative Defenses, and Reconventional Demand to Relator's Petition. Subsequent thereto, Relator filed a motion for summary judgment against Custom and Respondent, asserting that no genuine issue of material fact remained and that Relator was entitled to judgment as a matter of law against Respondent and Custom in the amount of $13,559.28, plus legal interest from the date of demand and costs and expenses incurred in the recordation of its lien.

The summary judgment hearing as to Respondent took place on October 11, 2024. Respondent failed to file an opposition to Relator's motion for summary judgment. After the hearing, the district court granted Relator's summary judgment motion.

The district court held a separate summary judgment hearing on December 4, 2024, with reference to the claims against Custom.[1] After argument, the district court also granted Relator's motion for summary judgment against Custom.

The district court granted both Respondent's and Custom's respective motions and orders for appeal of the summary judgment rulings.[2]

Thereafter, on May 15, 2025, Respondent filed a motion to compel Relator to respond to discovery requests propounded arising out of its Reconventional Demand. Relator objected under the premise that the district court was divested of

---

[1] Custom had not been served at the time of Respondent's summary judgment hearing on October 11, 2024.

[2] The pending appeal(s) referenced in this opinion are *Coastal Fire Protection, L.L.C. v. Custom Drywall & Painting, L.L.C.*, 2025-0081(La. App. 4 Cir. - -/--/2025), --So.3d - - and its companion case of *Coastal Fire Protection, L.L.C. Drywall & Painting, L.L.C.*, 2025-0215 (La. App. 4 Cir. --/--/2025), -- So.3d - -.

2

jurisdiction while the appeal was pending. The district court granted Respondent's motion to compel on June 23, 2025.

Relator timely filed the present notice of intent to seek review of the June 23, 2025 judgment to compel discovery responses.

## ASSIGNMENTS OF ERROR

Relator alleges the following assignments of error:

1. The district court erred in granting the motion to compel as the district court was divested of jurisdiction pending the appeal of the judgments granting the motion for summary judgment; and

2. The district court erred in granting the motion to compel as the Reconventional Demand was ruled on in a final judgment and that judgment extinguished the Reconventional Demand.

## STANDARD OF REVIEW

The determination as to "[w]hether a court has subject matter jurisdiction is reviewed on appeal under the *de novo* standard of review." *Catrambone v. Liotta*, 2024-0456, p. 6 (La. App. 4 Cir. 2/14/25), 414 So.3d 686, 691, *writ denied*, 2025-00321 (La. 5/29/25), 410 So.3d 146 (quoting *Lassalle v. Napoleon*, 2022-0460, p. 4 (La. App. 4 Cir. 12/20/22), 356 So.3d 74, 77).

## DISCUSSION

**Trial Court Jurisdiction**

Relator relies on La. C.C.P. art. 2088 to support its position that the appeal of the summary judgment ruling divested the district court of jurisdiction to act on Respondent's motion to compel. Louisiana Code of Civil Procedure art. 2088(A) provides, in part, the following:

3

> The jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the granting of the order of appeal and the timely filing of the appeal bond, in the case of a suspensive appeal, or on the granting of the order of appeal, in the case of a devolutive appeal. Thereafter, the trial court has jurisdiction in the case only over those matters not reviewable under the appeal. . . .

As referenced in *Waiters v. deVille*, 2020-0556, pp. 10-11 (La. App. 4 Cir. 12/20/20), 365 So.3d 544, 553 (quoting *Bates v. City of New Orleans,* 2013-1153, 2013-1587, p. 20 (La. App. 4 Cir. 03/26/14), 137 So. 3d 774, 788), "[t]he jurisprudence has construed the catch-all phrase in Article 2088--all matters 'not reviewable under the appeal'--to mean that the trial court retains jurisdiction over all issues that are 'unaffected by the appeal,' even issues not specifically enumerated in La. C.C.P. art. 2088.[3]"

2020-0556, pp. 10-11 (La. App. 4 Cir. 12/20/20), 365 So.3d 544, 553.

---

[3] As enumerated under La. C.C.P. art. 2088(A), the list of matters over which the trial court retains jurisdiction that is not reviewable under appeal, includes the right to do any of the following:

(1) Allow the taking of a deposition, as provided in Article 1433.
(2) Extend the return day of the appeal, as provided in Article 2125.
(3) Make, or permit the making of, a written narrative of the facts of the case, as provided in Article 2131.
(4) Correct any misstatement, irregularity, informality, or omission of the trial record, as provided in Article 2132.
(5) Test the solvency of the surety on the appeal bond as of the date of its filing or subsequently, consider objections to the form, substance, and sufficiency of the appeal bond, and permit the curing thereof, as provided in Articles 5123, 5124, and 5126.
(6) Grant an appeal to another party.
(7) Execute or give effect to the judgment when its execution or effect is not suspended by the appeal.
(8) Enter orders permitting the deposit of sums of money within the meaning of Article 4658.
(9) Impose the penalties provided by Article 2126, or dismiss the appeal, when the appellant fails to timely pay the estimated costs or the difference between the estimated costs and the actual costs of the appeal.
(10) Set and tax costs, expert witness fees, and attorney fees.
(11) Amend a judgment to provide proper decretal language in accordance with Article 1918 or 1951.

Relator's motion for summary judgment did not address the allegations raised in the Reconventional Demand. The Reconventional Demand averred, in part, that Relator failed to obtain approval for the sprinkler system from the Office of the State Fire Marshall ("OSFM"); did not comply with other OSFM guidelines; and failed to install the sprinkler heads at the correct height; whereas, the summary judgment motion sought adjudication of the claims Relator raised in its Petition. These claims included: 1) Coastal timely filed a valid lien under the Louisiana Private Works Act; 2) Custom and Coastal entered into an agreement for Coastal to perform certain fire protection work for the Project and Coastal is due and owning $13,559.28 for the work Coastal performed and invoiced pursuant to the agreement; 3) Custom misapplied the payment of $13,559.28 it received from TSM for the work performed and invoiced by Coastal; and, 4) Custom violated Louisiana's Open Account Statute by failing to pay the $13,559.28 due and owing to Coastal after demand for payment.

The transcript of the December 4, 2024 summary judgment hearing shows the district court did not decide the merits of the Reconventional Demand when it granted Relator's motion for summary judgment. The district court espoused the following as to the grant of the motion for summary judgment and its impact on the Reconventional Demand:

> A Reconventional Demand can and often does stand by itself when the original claims of the original petition, petitioner, have been resolved. It does not dismiss the cause of action that is set forth in the Reconventional Demand.
>
> I do not in any way, shape or form, intend to imply that by the granting of this Motion for Summary judgment - - and I do so grant the Motion for Summary Judgment as prayed for - - I do not intend to imply that the Reconventional Demand by your client is diminished in any way. Nor do I intend to imply that if your client is successful as

5

to their Reconventional Demand, that it may not offset, because it may very well offset any claims that have been granted.

The record supports that the merits of the Reconventional Demand were not considered in granting the motion for summary judgment. Thus, the Reconventional Demand is not a part of the judgment reviewable on appeal. Accordingly, we find the district court retained jurisdiction to compel Relator to respond to outstanding discovery arising out of Respondent's Reconventional Demand, notwithstanding the pending appeal. This error is without merit.

We now consider whether the district court erred in granting Respondent's motion to compel.

**Motion to Compel**

Relator alleges the district court prematurely considered the motion to compel as the outcome of the appeal could extinguish Respondent's entitlement to relief pursuant to the Reconventional Demand.

"Under Louisiana law, '[a] trial court has broad discretion in handling discovery matters and an appellate court should not upset a ruling absent an abuse of discretion.'" *Riggio v. Ports Am. La., L.L.C.*, 2023-0294, pp. 2-3 (La. App. 4 Cir. 11/13/23), 377 So.3d 418, 420 (alteration in original) (quoting *Dabezies v. Trelo*, 2018-0278, p. 2 (La. App. 4 Cir. 5/23/18), 248 So.3d 498, 501)). Under this abuse of discretion standard, the reviewing court weighs the information sought against the hardship caused by an order to compel in determining whether the district court erred in its discovery order. *Matthews v. Phillips 66 Company*, 2024-0227, p. 17 (La. App. 4 Cir. 11/13/24), 409 So.3d 226, 238.

We find Relator's claims of prematurity and the possible extinguishment of the Reconventional Demand are not evidence of hardship for purposes of finding

6

the district court abused its discretion in compelling Relator's responses to Respondent's discovery demands. Accordingly, this error lacks merit.[4]

## CONCLUSION

Based on the foregoing reasons, we grant Relator's writ application and deny relief.

**WRIT GRANTED; RELIEF DENIED**

---

[4] We judicially note the district court's colloquy referenced herein indicates the court did not intend to extinguish the Reconventional Demand by granting Relator's summary judgment motion.